## HEARD *v.* SHEDDEN.

1. Where one makes written application for a policy of life-insurance, and executes a promissory note the proceeds of which are used to pay the first premium, and the purchaser of the note takes it with notice that the policy has not at that time been issued, such purchaser, though he purchase the note for

value and before maturity, incurs the risk of a possible failure of the company to deliver to the maker such a policy as is described in the application.

2. In determining the question as to whether the policy issued is in accord with that described in the application, representations made to the applicant by certain agents of the company, without the knowledge of the purchaser, as to the meaning of certain technical terms in the application, are inadmissible.

3. The purchaser of the note can not be affected by any notice of fraud or misrepresentations as to the meaning of the application, when such notice is not given until after he has become the holder of the note.

4. The evidence showing without contradiction that the policy issued to the defendant was in exact accord with that described in his written application, and the plaintiff being without notice, at the time he purchased the note, of any misrepresentations as to the meaning of the application, it was proper to direct a verdict for the plaintiff.

Submitted March 2, — Decided March 28, 1901.

Complaint on note. Before Judge Reese. Wilkes superior court. May 10, 1900.

*Colley & Sims,* for plaintiff in error.    *Samuel H. Sibley,* contra.

SIMMONS, C. J.   Suit was brought by R. F. Shedden against Heard on a promissory note payable "to the order of myself," signed by the defendant, and indorsed by the defendant and by Byington and Hodgson.    The defendant admitted the execution of the note and that it was past due and unpaid.   He denied, however, that the plaintiff was a bona fide holder for value, and set up as a defense that the note was given in settlement of the first premium on a policy of life-insurance, that the note was given before the policy was delivered, that the note was indorsed to Shedden before the delivery of the policy, that Shedden had notice of this at the time of the indorsement, and that there had been a failure of consideration, in that the policy issued and delivered to defendant was not the policy for which he contracted.   The case was tried, and a verdict directed for the defendant.   The plaintiff excepted, and this court reversed the judgment of the lower court.   *Shedden* v. *Heard,* 110 *Ga.* 461.   Upon the second trial in the lower court, a verdict was directed for the plaintiff.   The defendant excepted and assigned error upon the direction of the verdict, and upon certain rulings of the court, made during the trial, rejecting evidence offered by the defendant.   Upon the trial it was shown by competent evidence that the note sued on had been executed by the defendant to cover the first premium upon a policy of life-insurance for which he had made written application.   The plaintiff was the general agent for

this State of the company to which the application for insurance was made, Hodgson and Byington being the local agents through whom the defendant made his application. These local agents had no power to issue policies, make rates, or close contracts, but merely to solicit and · forward applications which were to be passed upon and accepted or rejected by the company. The company did not accept notes in payment of premiums, but required the payment to be made in cash. The defendant's signed application, together with his note, was forwarded by the local agents to the plaintiff. He, acting not as agent of the insurance company but in his individual capacity, discounted the note. He then forwarded the application, with the cash proceeds of the note, to the company. This was before the maturity of the note. The company issued a policy of insurance which was forwarded, through the plaintiff and the local agents, to the defendant. He returned it on the ground that it was not the policy for which he applied. The agents sent it again to him as being in accord with his application. The plaintiff and defendant afterward met to discuss the matter, but failed to adjust their differences, and the present suit was instituted.

1, 2. The defendant offered to testify that when he made his application for insurance the local agents of the company made certain representations to him as to the meaning of the application and as to the kind of policy that would be issued thereon. The judge refused to admit this evidence, and error is assigned upon this ruling. As shown by the facts above set out, the plaintiff had actual notice, at the time he discounted defendant's note, that the policy had not been issued. He therefore, under the decision of this court when the case was here before, incurred "the risk of a failure of consideration of the note by a possible non-delivery of the thing purchased." At the same time the plaintiff had no notice, actual or constructive, that the consideration of the note was other than such a policy of insurance as was described in the defendant's written application. He incurred the risk of a possible failure of the company to issue to the defendant such a policy as was described in the application. Beyond this he was not chargeable with notice. If the policy issued was such as was asked for in the defendant's signed application, then there was no failure of consideration with notice of which, at the time of the purchase of the note, the plaintiff could be charged. The material issue to be tried was whether

the policy issued was the one described in the application. The plaintiff's evidence showed that it was. The testimony offered by the defendant and rejected by the court could have thrown no light upon the question. What the local agents stated the application meant was purely hearsay as to the determination of its real meaning. The defendant could properly have introduced evidence tending to show that the meaning of the technical words used in the application was not as claimed by the plaintiff, but the court properly refused to allow evidence as to what the local agents, without the knowledge of the plaintiff, told the defendant was the meaning of the application. At the time he discounted the note, the plaintiff had notice of the application and its contents, but not of any representations made by the local agents. The meaning of the application, as written, and the accordance of the policy therewith were the points to be determined, and evidence as to the representations of the local agents was inadmissible.

3. The court also refused to allow the defendant to testify that, when he and the plaintiff met to try to adjust their differences, the defendant told the plaintiff of the representations of the local agents, or to testify as to the matter of such representations. This ruling was a correct one. From what has been said above it follows that the representations of the local agents were irrelevant and inadmissible. The interview between the plaintiff and the defendant took place, as shown by the uncontradicted evidence of the plaintiff, subsequently to the time when the note was discounted. After the plaintiff had become the purchaser of the note, he could not be affected by any notice as to the misrepresentations or fraud of the local agents, and it was immaterial what information was given him at this time by the defendant as to this matter.

4. Under the evidence as above set out and as appearing in the record, the plaintiff was a holder of the note by purchase before maturity, for value, and without notice of any defect or defense save that of a possible failure of the company to issue to defendant such a policy as was described in the application. The application was " for a policy of $5,000 insurance on my life, upon the 5% debenture plan, 20 year distribution." This description was ambiguous to the uninitiated, but was shown by the uncontradicted evidence of the plaintiff to be a sufficient and definite description of a form of policy well known to those in the life-insurance busi-

ness.   The defendant's application contained several technical insurance terms.   The plaintiff's evidence as to these expressions was uncontradicted, and showed them to have a fixed and definite meaning.   In the light of this evidence the policy issued to the defendant appears to be in accord with the form of policy indicated by the description used in the application.   The plaintiff so testified, and there was no evidence from which the jury could have found otherwise.   It was, therefore, proper to direct a verdict for the plaintiff.   *Judgment affirmed.   All the Justices concurring.*