Johnson *et al. v.* White.

Evans, J.   1. Where an applicant for a life-insurance policy, though able to read and though having full opportunity to examine the written application presented by the soliciting agent for his signature, signed the same without reading it, relying on false representations made by such agent as to certain privileges which the insurance company would accord him if he procured the policy, and the policy subsequently issued and delivered to him was one corresponding with the kind for which the written application called, the applicant can not, as against a general agent of the company who stands in the position   of a bona fide holder of a promissory note given in payment of the first premium on the policy, set up the defense that, by reason of the fraudulent misrepresentations above referred to, made to him by the soliciting agent, he was induced to sign an application which he really did not intend to make.   *Shedden* v. *Heard*, 110 *Ga.* 461; s. c. 113 *Ga.* 162.

2. When a policy of insurance, duly delivered to the applicant, differs materially from the kind of policy for which he applied or intended to apply, it is his duty, if he does not desire to accept the policy issued to him, to return or offer to return the same, within a reasonable time, to the company or an agent thereof authorized to receive it; and if the applicant neglects to examine the policy delivered to him, or for any other inexcusable cause fails to comply with the legal obligation resting upon him with

respect to surrendering the policy with due promptitude, he can not avoid payment of a promissory note given by him for the first premium on the policy. *Leigh* v. *Brown*, 99 *Ga.* 258.

3. The present case is governed by the familiar propositions of law above announced; and accordingly the trial judge did not, in view of the evidence on which the defendants relied as supporting their defense, err in directing a verdict in favor of the plaintiff.

*Judgment affirmed.　All the Justices concur.*

Argued July 16, — Decided August 9, 1904.

Complaint.　Before Judge Roan.　Clayton superior court. August 24, 1903.

The defendants gave to White, the general agent of a life-insurance company, a note for the premium on a policy upon the life of one of them.　In defense to a suit on the note they pleaded that it was procured by false representations of Holland, the plaintiff's agent, who solicited them to take the insurance. These representations, as testified to, were, that they could borrow money in the fall to pay the premium note, and after the first payment, if they so desired, they could surrender the policy and draw out all· the money paid in, with three per cent. interest; also, that Holland, in reading to defendants the application for the policy, omitted to read the clause that the applicant understood and agreed that no statements, representations, or information made or given by or to the person soliciting or taking the application, or to any other person, should bind the insurance company, unless they were written, presented to, and approved by the officers of the company at the home office. The application described the policy desired as one "on the 20 yr. end. plan."　The policy as issued provided for a cash surrender value only after the payment of three yearly premiums, and a loan value only after the payment of five yearly premiums. It was issued and the note given in the spring.　The first discovery of Holland's omission to read the clause before stated was made by looking over the policy, about the last of July; and the first time that defendants knew that money could not be borrowed on the policy was in the fall.　They then offered to surrender the policy to White.

*Joseph W. & John D. Humphries*, for plaintiffs in error.
*Culberson, Willingham & Johnson* and *W. T. Colquitt*, contra.