### 4288. INTERNATIONAL LIFE INSURANCE CO. *v.* NIX.

POTTLE, J. 1. There being evidence for the plaintiff that the policy of insurance described in his application was not delivered to and accepted by him, and that the policy actually tendered to the applicant was for a different sum and of a different kind from that applied for, and was never accepted, the verdict against the insurance company for the amount of the premium paid when the application was made was authorized.

2. Evidence was admissible that after defendant's refusal to issue the policy applied for, the applicant obtained insurance of a similar character from another company. Such testimony was of some evidentiary value upon the issue as to whether the applicant intended to accept the policy actually issued by the defendant, though of a different character from that applied for.

3. It was not permissible to ask the plaintiff whether he was insured under the policy issued by the defendant, since this question sought a conclusion of law from the facts proved.

4. Evidence that the plaintiff's application for insurance had been rejected by another company some time prior to issuance of the policy by the defendant was irrelevant.

5. It was permissible to prove that the defendant's agent, who took the application and delivered the policy actually issued, stated to the plaintiff that he had been unable to obtain the kind of policy applied for, but thought he could do so at a later date.

6. It was not permissible to prove that a general agent of the defendant had stated that the plaintiff "was covered by insurance" in his company. Such evidence was merely opinionative.

7. The question whether the agent who took the application had or had not settled with his principal for the premium was irrelevant to any issue in the case.

8. It was not prejudicial error for the court to remark: "I want to make a statement about what I think about this case. I will confine you to that proposition, whether Mr. Nix accepted this $5,000 policy in lieu of the $10,000 policy. If he did he would be bound by it. That is all I care to go into." The issue there referred to was the only material question involved in the case.

9. The receipt for the premium was not inadmissible for any reason assigned.

10. Complaint of the refusal to permit a witness to answer a question can not be considered, when it does not appear what answer was expected.

11. There was no error in the instructions in reference to the authority of the defendant's agent.                    *Judgment affirmed.*

DECIDED OCTOBER 9, 1912.

Action on insurance policy; from city court of Carrollton—Judge Beall.   May 27, 1912.

*Newell & Fielder,* for plaintiff in error.

*Leon Hood,* contra.