## MITCHINER v. UNION CENTRAL LIFE INSURANCE CO.

No. 11770. SEPTEMBER 16, 1937. REHEARING DENIED DECEMBER 9, 1937.

R. J. Bacon, for plaintiff.
Leonard Farkas and Walter H. Burt, for defendant.

JENKINS, Justice. The petition, brought in two counts against an insurance company, alleged that the plaintiff as applicant orally contracted with its local soliciting agent for the issuance of a policy of insurance on the life of her father upon its acceptance of the risk, and for the delivery of the policy to her as applicant upon payment by her of the first premium. It was alleged that she was ready, willing, and able to pay the first premium, but that the company took from the father his signed application, and embodied in the policy a provision that it would not take effect until it was delivered to him as applicant and the first premium was paid and accepted by the company or its authorized agent. It was further alleged that the policy was received by the local agent from the company; and that while the delivery of the policy was being negligently withheld from her as the true applicant, the father was accidentally killed. On these averments a judgment was prayed for the amount of the policy. These allegations and prayer were substantially the same in both counts. In the second count were additional prayers for equitable relief, by which the plaintiff in effect sought to reform the policy by striking therefrom the provision as to the delivery of the policy to the father as applicant upon his payment of the first premium and its acceptance by the company or an authorized agent. The plaintiff testified, as to the making with the agent of an oral agreement, in general accord with the allegations of the petition. There was evidence from another witness, admitted without objection, that just before the father's death, the agent showed the policy to the father, who offered the

agent a check for the premium; but that the agent declined to accept it, for the reason assigned by him that the plaintiff was to pay the premium on that policy, and he would collect it from her, and that the agent wished to sell the father a similar policy, for which the father could pay the premium. The contentions of the plaintiff are: 1st, that since under the terms of the oral agreement the policy was to have recognized the plaintiff and not the insured father as the applicant to whom the policy was to be delivered and by whom the first premium was to be paid, and since such delivery was wrongfully withheld from the plaintiff, who was ready, able, and willing to receive the policy and pay the first premium, the defendant should not be heard to take advantage of the fact that there was no actual delivery of the policy and the first premium was not paid. 2d, that under the terms of the oral contract the provision in the policy requiring delivery and payment and acceptance of the first premium before the insurance became effective was unauthorized, and therefore delivery of the policy and payment of the first premium were not necessary. 3d, that under the testimony the tender of the first premium by the father to the local agent, who was then in possession of the policy as written, was tantamount to payment. While there are averments and prayers using the words "fraud" and "mutual mistake," and stating conclusions with reference thereto, there was no proof of facts as to either other than as stated. The court directed a verdict for the defendant, and denied a motion for new trial, which was based on the general grounds and on the direction of the verdict. The contentions of the plaintiff are dealt with in order, together with the quoted provisions in the policy.

1. All contracts of insurance, including life insurance, "to be binding, shall be in writing." Code, §§ 56-801, 56-911; *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306, 308 (87 S. E. 1). Nor can such a contract be made partly in writing and partly in parol. *Athens Mutual Ins. Co.* v. *Evans,* 132 *Ga.* 703 (4) (64 S. E. 993). "The writing being unambiguous, parol evidence as to what was said by the parties at the time it was executed will not be admitted to vary or alter the terms of the writing." *Wheeler* v. *Fidelity & Casualty Co.,* 129 *Ga.* 237, 240 (58 S. E. 709). Especially would such rule obtain where, as in this case, the alleged oral agreement, as to a specified provision to be embodied in the subse-

quent written policy of life insurance, is made only with a local soliciting agent of the company, and where the undelivered policy as actually issued on terms at variance with the alleged oral understanding with the agent contains the provision that "this policy together with the application . . shall constitute the entire contract," and "none of the terms of this policy shall be modified, nor any forfeiture under it waived, save by agreement in writing, signed by the president, a vice-president, the secretary or an assistant-secretary, whose authority for this purpose shall not be delegated." *Athens Mutual Ins. Co.* v. *Evans,* supra.

2. While the actual delivery of an insurance policy is not always essential to its validity where it is not so made by the terms of the contract, and even though it is so made, where the company transmits the policy to its agent "to be unconditionally delivered" to the insured, this may be deemed "tantamount to a delivery" (*N. Y. Life Ins. Co.* v. *Babcock,* 104 *Ga.* 67 (2, 3), 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. R. 134) ; *Reserve Loan Life Ins. Co.* v. *Phillips,* 156 *Ga.* 372, 376, 119 S. E. 315; *Willingham* v. *Smith,* 151 *Ga.* 102, 106 S. E. 117), yet these rules are without application where, as in this case, the written contract expressly provides that the insurance "shall not take effect until the policy has been delivered to the applicant and the first premium thereon has been paid and accepted by the company or its authorized agent during the applicant's lifetime and good health," and where the policy is transmitted to the local agent with a specific instruction that it be delivered after proper settlement of the first premium. *Reese* v. *Fidelity Mutual Life Association,* 111 *Ga.* 482, 484 (36 S. E. 637) ; *Brown* v. *Mutual Benefit Life Ins. Co.,* 131 *Ga.* 38 (61 S. E. 1123) ; *Hipp* v. *Fidelity Mutual Life Ins. Co.,* 128 *Ga.* 491, 497 (57 S. E. 892, 12 L. R. A. (N. S.) 319) ; *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843, 846 (98 S. E. 469) ; *Pierce* v. *Life Ins. Co. of Va.,* 50 *Ga. App.* 337 (3) (178 S. E. 189), and cit.

3. Even though, in accordance with the general rule that a proper and continuing tender of the amount of a debt is the equivalent of its payment, a tender of a first premium on a life-insurance policy would ordinarily suffice (Going *v.* Mutual Benefit Life Ins. Co., 58 S. C. 201, 36 S. E. 556; 37 C. J. 403), yet such a mere tender will not operate as a compliance with an insurance contract, so as to render the policy effective, where, as

here, the contract expressly provides that before the insurance shall take effect, the first premium must not only be paid, but be *"accepted* by the company or its authorized agent." White *v.* Metropolitan Life Ins. Co., 63 Utah, 272 (224 Pac. 1106) ; 37 C. J. 404.

4. Under the preceding rules, the court did not err in directing a verdict in favor of the defendant company on the first count, seeking a judgment at law for the amount of the insurance.

5. Nor, in the absence of any proof of facts showing actual fraud or mutual mistake, did the court err in directing the verdict on the second count seeking not only a judgment at law but special equitable relief in the reformation of the policy of insurance and general equitable relief. Even though the plaintiff might have orally agreed with the local soliciting agent that the policy was to be issued on the life of her father, with her as the applicant, and even though nothing may have been said in the preliminary negotiations as to the signing of a written application by the insured father as applicant, with a provision therein and in the written contract that the insurance was to be effective only after delivery to him upon payment of the first premium, such a provision not being unreasonable, the company was not precluded from inserting it in the written application as signed by the father, and from making such a condition a part of the contract and policy of insurance. Even if the failure of the policy to show that the plaintiff was the person taking the insurance on the life of the father, or the insertion of the condition as to delivery, could be taken as rendering the policy issued essentially different from the one that the plaintiff desired, the remedy of the plaintiff would have been to reject, when tendered, the policy as written. *Jones* v. *Gilbert,* 93 *Ga.* 604, 607 (20 S. E. 48) ; *Empire Mutual Annuity & Life Ins. Co.* v. *Avery, 3 Ga. App.* 97 (2, 3), 99 (59 S. E. 324). She would not be entitled to recover either upon the policy as issued or upon a policy not written but in accordance with a preliminary parol understanding with the local agent, which was never accepted by the company in the controlling terms of the contract as actually written. To do so would in effect permit her to reject the unfavorable part of the written policy, and claim under terms never agreed to by the company or embodied in the written instrument.

*Judgment affirmed.   All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*