## 49745. WILSON MARINE SALES & SERVICE, INC. v. FIREMAN'S FUND INSURANCE COMPANY et al.

WEBB, Judge.

Fireman's Fund Insurance Company, through its agency Cranman Insurance Agency, Inc., issued to Coastal Marine Sales & Service, Inc. a fire insurance policy on a building, boats, motors, trailers, equipment and accessories located on East Victory Drive in Thunderbolt. Fire loss occurred during the term of the policy. Fireman's Fund declined payment of the claim because "Our investigation developed that a condition existed which suspends the insurance as more clearly defined in lines 28 through 32 of the policy conditions." Those policy conditions, usual in the standard form fire insurance policy, are that "unless otherwise provided in writing added hereto this company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured . . ." The loss claimed totaled $89,245. The statutory notice for penalty and attorney fees was given to the insurer.

Complaint for recovery under the policy was filed in Chatham Superior Court by "Wilson Marine Sales & Service, Inc., d/b/a Coastal Marine Sales & Service, Inc., individually for itself and on behalf of and for the use and benefit of R & T Enterprises, Inc." Defendants are Cranman Insurance Agency, a corporation; John Lassiter; and Fireman's Fund Insurance Company. Cranman is the agency through which the policy was obtained; Lassiter is an authorized agent of Cranman; and Fireman's Fund is the insuring company.

The complaint alleges that R & T Enterprises, Inc. is the owner of the insured building at 3105 East Victory Drive, in which "its principal stockholders, managing officers and directors, William C. Tuten and John M. Roadwalt" conduct their various businesses, including Coastal; and that Coastal since 1969 had conducted a business in a portion of the building, involving sale, servicing, repairs and construction of boats, and general marine work. Further, that when Tuten and Roadwalt purchased these premises they requested Lassiter to cover the business thereon "with adequate fire and

extended coverage for Plaintiff R & T, as well as cover the operation of Plaintiff Coastal with adequate casualty insurance against property loss"; that Lassiter visited the premises; that he was informed about the ownership; that Industrial Bank of Savannah held a security deed on the property; that plaintiffs relied on Lassiter and the defendants "to provide adequate and complete insurance coverage"; that notwithstanding this, defendants issued coverage in the name of Coastal; and therefore all rights or demands by Coastal as to the building loss are for the use and benefit of R & T, true owner of the building. Coastal owned the marine enterprise. The policy sub judice was issued February 28, 1970 for a three-year period; the fire occurred on April 14, 1971 while the policy was in effect.

Plaintiffs further allege that there had been no change in the hazard since the policy was issued; that the basis of the refusal by Fireman's Fund to pay was that they have engaged in boat building operations on the premises; that this was true when the policy was issued, a fact known to defendants because through them a standard workmen's compensation and employers liability policy was issued to Coastal on February 29, 1970 defining the classification of operations to include "boat building or repairing—boats not exceeding 150 feet in length, including drivers." This latter policy was renewed February 29, 1971.

Fireman's Fund was dismissed as a party defendant upon its motion therefor that the complaint as to it fails to state a claim upon which relief can be granted, and from that order of dismissal plaintiffs appeal.

Appellants contend that after loss, the insurance policy and interest in the proceeds can be assigned; that even though they have not contended that there had been an assignment of the policy to R & T, there is no prohibition against R & T assuming the position of the insured; that it is the neglect of Cranman Agency and Lassiter that the policy was issued in the name of the wrong corporate entity; and that R & T did have an insurable interest, known to Lassiter as agent, in the property covered by the policy, that a valid claim is made, and the relief sought could be granted on the complaint as brought.

The thrust of Fireman's Fund's contention in support of its motion to dismiss is that Wilson Marine itself is the sole plaintiff, that Wilson Marine was not the insured, that there has been no written assignment to Wilson Marine, and that Wilson Marine not being a party to the insurance contract has no standing to maintain the action.

1. "[T]he general rule is that: 'An action on a policy of insurance—or on a written binder—must be brought in the name of the holder of the legal title thereto.' *Westbrook v. Nationwide Ins. Co.*, 113 Ga. App. 299, 302 (147 SE2d 819). 'Generally, "one other than the person to whom it was issued can not, in his name, maintain an action thereon, unless the policy has been duly assigned to him in writing."' *Walker v. General Ins. Co.*, 214 Ga. 758, 761 (107 SE2d 836)." *Insured Lloyds v. Bobo*, 116 Ga. App. 89, 90 (156 SE2d 518). See also *U. S. Homes Assistance Corp. v. Southern Guaranty Ins. Co.*, 131 Ga. App. 676, 678 (206 SE2d 555).

The party plaintiff is Wilson Marine, d/b/a Coastal Marine, and for the use of R & T. Fireman's Fund issued the policy to Coastal Marine in whose name, according to the complaint, Wilson Marine is doing business. Some one or more of these three corporate entities is a real party in interest. If any one is not, it may be stricken, or if for any one there should be a substitution, a reasonable time shall be allowed after objection. CPA § 17 (a) (Code Ann. § 81A-117 (a)) provides: "Every action shall be prosecuted in the name of the real party in interest . . . *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder as substitution of, the real party in interest;* and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Emphasis supplied.)

"There is no merit in the contention that the Singletons were not the real parties in interest when the action was commenced, or that the court erred in allowing in evidence a formal written assignment to the plaintiffs purportedly made subsequent to the filing of

the action. CPA § 17 as amended (Ga. L. 1968, pp. 1104, 1107; Code Ann. § 81A-117 (a)), *clearly precludes dismissal until a reasonable time is allowed after objection to the real party by ratification, joinder, or substitution,* which, as shown, 'shall have the same effect as if the action had been commenced in the name of the real party in interest.' The evidence of the formal assignment merely shows ratification of a situation which in fact already existed, i.e., that the plaintiffs were in possession of the instrument and could proceed as holders in their own names." (Emphasis supplied.) *Smith v. Singleton,* 124 Ga. App. 394, 395 (3) (184 SE2d 26).

We hold that the trial court erred in dismissing Fireman's Fund as a party defendant.

2. Plaintiffs cannot now assert neglect and mistake on the part of the insurer as to the manner in which the policy was written. "When a policy of insurance, duly delivered to the applicant, differs materially from the kind of policy for which he applied or intended to apply, it is his duty, if he does not desire to accept the policy issued to him, to return or offer to return the same, within a reasonable time . . ." *Johnson v. White,* 120 Ga. 1010 (48 SE 426). "[I]f . . . the policy issued [was] essentially different from the one that the plaintiff desired, the remedy of the plaintiff would have been to reject, when tendered, the policy as written. [citations omitted]." *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194, 197 (194 SE 530). See also *Wright Body Works v. Columbus Interstate Ins. Agency,* 132 Ga. App. 307, 309 (208 SE2d 111); *Parris & Son v. Campbell,* 128 Ga. App. 165, 172 (13) (196 SE2d 334); *Virginia Mutual Ins. Co. v. Price,* 132 Ga. App. 445 (208 SE2d 314).

3. Even so, however, "if the agent of the insurance company knew at the time of the issuance of the policy the real facts as to ownership, the policy would nevertheless be binding, since the company would be estopped, by reason of such knowledge . . ." (*Blackstock v. Jefferson Ins. Agency,* 23 Ga. App. 642, 643 (99 SE 142)) from denying the validity of the policy.

The court having erred in sustaining the motion of Fireman's Fund to dismiss it as a party defendant, the judgment, for the reasons hereinabove stated, is reversed.

*Judgment reversed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED OCTOBER 2, 1974 — DECIDED OCTOBER 15, 1974 — REHEARING DENIED NOVEMBER 6, 1974 —

*Hendrix, Shea & Oldfield, John H. Oldfield, Jr.,* for appellant.
*Perry Brannen, Sr.,* for appellees.