## 51918. GEORGIA MUTUAL INSURANCE COMPANY v. MEADORS et al.
## 51919. PRESTON v. MEADORS et al.

STOLZ, Judge.

Meadors, as the lienholder on a dump truck, required that the owner purchase insurance therefor from Preston Insurance Agency, who placed the coverage with Georgia Mutual Ins. Co. through the latter's general agent. Twice Meadors repossessed the truck, resold it, and had insurance coverage procured as before. Thereafter, upon Meadors' filing of a loss claim on the contract, the insurer, Georgia Mutual, denied liability and refused payment on the ground that the description in the application was a pickup truck, rather than a dump truck. Meadors sued Georgia Mutual and its alleged agent, Troy Preston, individually and d/b/a Preston Insurance Agency, to recover on the policy. Georgia Mutual cross claimed against Preston for any amount for which it might be held liable.

There was evidence at the trial that the plaintiff correctly described the truck to Preston, which the latter controverted. The plaintiff testified that, on each of the three occasions he received his copy of the policy, he looked at them merely to ascertain that he was named as the loss payee thereon, and failed to check the accuracy of the description of the insured vehicle. He testified that he would have done something if he had noticed the inaccuracy. There was evidence that the defendant insurer would not have insured the dump truck, as it did not insure commercial vehicles, which have a higher risk.

The plaintiff obtained a verdict and judgment against both Georgia Mutual and Preston, who separately filed appeals from the judgment on the verdict and the denial of their motions for judgment notwithstanding the verdict or in the alternative for a new trial. *Held:*

Under the law and the evidence in this case, the verdict and judgment against the defendants cannot be

allowed to stand.

Regardless of whether Preston was the agent of the defendant, as the plaintiff contends, or of the plaintiff, as the defendant contends, the evidence demands a finding that the plaintiff failed to comply with his legal duty to examine his contract, observe what coverage it provided to him, and, if the coverage was not correct, either reject the policy as written when tendered or renegotiate his contract with the insurer. *Parris & Son v. Campbell,* 128 Ga. App. 165 (13) (196 SE2d 334) and cits.; *Wilson Marine v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220 (2) (211 SE2d 145). No fraud or any other reason provided by law is shown for such failure. On the contrary, it appears that the plaintiff understood the materiality of the inaccuracy as it affected the risk, and would have corrected it, had he fulfilled his duty as outlined above.

*Judgments reversed with direction to the trial judge to grant the defendants' motions for judgments notwithstanding the verdicts and to enter judgments for the defendants. Bell, C. J., and Clark, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 28, 1976.

*Dennis & Fain, Thomas S. Carlock, Robert C. Semler,* for appellant (case no. 51918).

*A. Ed Lane, Robert J. NeSmith,* for appellant (case no. 51919).

*Strickland & Costley, Charles D. Strickland,* for appellees.