## 59440. BARNES v. MANGHAM et al.

BANKE, Judge.

Plaintiff sued for damages arising from an automobile collision with the defendant, who was uninsured. She joined as a co-defendant her insurer, which had denied coverage under the uninsured motorist provisions of her liability policy. The trial court granted summary judgment to the defendant insurer, and the plaintiff appeals.

The application for insurance shows that uninsured motorist coverage was rejected by the applicant. The fact of this rejection is also reflected on the policy's declaration sheet, which contains a further indication that no premium was charged for that coverage. Plaintiff testified in her deposition that she signed the application in blank and that she did not read the policy until after the accident in question, which occurred some three months later. She also testified that she requested "full coverage" from the agent she spoke to and that she was told she would receive "full coverage." *Held:*

"Regardless of whether [the insurer's employee] was the agent of the defendant . . . or of the plaintiff . . . the evidence demands a finding that the plaintiff failed to comply with [her] legal duty to examine [her] contract, observe what coverage it provided . . . and, if the coverage was not correct, either reject the policy as written when tendered, or renegotiate [her] contract with the insurer." *Ga. Mut. Ins. Co. v. Meadors,* 138 Ga. App. 486, 487 (226 SE2d 318) (1976). "The insured was not only free to examine the contract [she] was under a duty to do so; and if [she] had done that [she] would have observed just what coverage it provided . . . If it was not what [she] wished to have [she] could have renegotiated [the] contract, or, if the company was unwilling to do that, [she] could have returned it as unacceptable and negotiated a contract with another company. If [she] had done so it probably would have involved a greater premium than was demanded under the contract that was delivered and which [she] kept, for it would have increased the risk." *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, 173 (196 SE2d 334) (1973).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED FEBRUARY 20, 1980.

*Robert A. Elsner,* for appellant.
*W. C. Brooks,* for appellees.