36806. LUI v. OCCIDENTAL LIFE INSURANCE COMPANY.

HILL, Justice.

Wing Jung, an agent of Occidental Life and friend of Ping Kien Lui, discussed two life insurance policies with Mr. Lui. One was a nonparticipating policy for $50,000 paid up at age 65 with cash value of $50,000 at that time. The other was a participating whole life policy for $50,000 paid up at age 95 with cash surrender value of $38,000 at age 65.[1]

The application actually signed by Mr. Lui applied for the participating whole life policy. The application did not refer to age 95 or to cash values. The policy applied for, dated May 24, 1976, was delivered in June of that year. Some 17 months later, Mr. Lui discovered that the policy he had (paid up at age 95) was not the one he had sought to obtain (paid up at 65). Occidental Life, through its agent, Mr. Jung, offered to issue a new policy but Mr. Lui insisted that the premiums he had paid, $1,737.40, be refunded. When the refund was refused, Mr. Lui filed suit for rescission and refund based upon misrepresentation and mistake of fact resulting in a lack of mutuality. At trial, plaintiff's attorney expressly disclaimed any effort to prove fraud by the insurance company or its agent and the evidence would not support such a charge.

The evidence also showed that the plaintiff, Mr. Lui, was Chinese, spoke Mandarin, did not speak English fluently and could not read English. It showed that his friend and business associate, Mr. Jung, agent for Occidental, was also Chinese, but spoke Cantonese. Mr. Jung had assisted Mr. Lui in various business matters. When Mr. Jung and Mr. Lui conversed they spoke in

---

[1] The evidence shows that under a participating policy, the insured receives dividends and that under this participating policy, if the dividends and interest thereon were accumulated, the policy would be paid up at age 59, although the cash value would not be $50,000 at that age.

English. The defendant's evidence showed that Mr. Lui was able to read English so as to be able to pass a written driver's license test.

At the close of the evidence, the defendant's motion for directed verdict was granted. Plaintiff appeals, urging that there were issues of fact for determination by the jury as to whether the policy he got was the one he intended to apply for, and whether he was under a duty to read in light of his inability to read English (a disputed issue) and in light of the confidential relationship between him and Mr. Jung (also a disputed issue). We do not reach these issues.

The defendant points out that the delivered policy allowed the insured to cancel it retroactively (with premium refunded) by returning it within 10 days, and urges that the policy cannot be rescinded after having been in effect for many (17) months.

We hold that where a policy of insurance is issued in conformity with the application made therefor; where, after the lapse of any time for cancellation provided by the policy, the insured shows that, as a result of mistake not amounting to fraud, the policy did not contain the intended provisions; where there is no evidence that the premiums paid were the premiums which would have been charged for the intended policy; and where the insurance has been in effect up to the time the insured declares the policy rescinded (i.e., where the insured has been charged premiums for and insured under the policy which was issued), the insured is not entitled to a refund of premiums paid during the time the insurance was in effect.

In *Farrow v. State Mutual Life Ins. Co.,* 22 Ga. App. 540 (96 SE 446) (1918), the Court of Appeals held (headnote c): "Where the risk has once attached under a policy, and there has been no fraud, a recovery of all the premiums paid can not be had because of a breach of some provision of the contract." In the text of that opinion, the court quoted approvingly from an Indiana case (at p. 546): "The policy was valid in its inception, and there was for a time a risk, and the general rule is that where the risk attaches premiums can not be recovered from the company." See also *Orient Ins. Co. v. Dunlap,* 193 Ga. 241 (2) (17 SE2d 703) (1941).[2]

The case of *International Life Ins. Co. v. Nix,* 11 Ga. App. 664 (75 SE 1058) (1912), is inapposite because there the policy was not in accord with the application and there was evidence, in support of the jury's verdict, that the policy was not accepted by the insured.

---

[2]For the corollary of this rule, see *Parris & Son v. Campbell,* 128 Ga. App. 165, 173-174 (196 SE2d 334) (1973); *Wilson Marine &c., Inc. v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220 (2) (211 SE2d 145) (1974); 6 Couch on Insurance 2d, § 34:9 (1961); 43 AmJur2d, Insurance, § 629; 44 CJS, Insurance, § 406.

The case of *Georgia Farm Bureau &c. Ins. Co. v. Wall,* 242 Ga. 176 (249 SE2d 588) (1978), is also inapposite because there the insured sought reformation of the contract, not rescission and refund of premiums paid while the insurance was in effect. In the case before us the insurance company, in effect, offered to reform the contract.

Although there were disputed issues of fact, it was unnecessary for the jury to resolve them because it is undisputed that Mr. Lui's life was insured for 17 months in accordance with his application and that the premiums paid for such insurance were therefore earned by the insurance company. The trial court did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

Submitted November 7, 1980 — Decided November 25, 1980.

*Calhoun & Associates, Kran Riddle,* for appellant.
*Joseph P. Brennan,* for appellee.