## 62539. BARNES v. LEVENSTEIN et al.

McMurray, Presiding Judge.

This is an action brought by the plaintiff who obtained automobile insurance from the two defendants, the same being her agents or as dual agents with the insurer. The defendants are respectively an independent insurance agency (the corporation) and an agent and employee (the individual) of that independent agency. The case involves the failure of such agents (the defendants) to obtain uninsured motorist coverage when plaintiff obtained automobile insurance from Reserve Insurance Company on or about September 12, 1977. Plaintiff contends she merely signed a blank application consisting of two pages and returned same to the defendants, that she explained that she wanted as much insurance as she had previously had on an automobile policy with Allstate Insurance Company which had included uninsured motorist coverage, and the defendants advised that they would obtain insurance coverage which would provide "full coverage." The application was filled out in the handwriting of another employee of the defendant or defendants. But, contrary to plaintiff's specific directions, the application specifically rejected uninsured motorist coverage. Thereafter, on or about December 30, 1977, plaintiff was involved in a collision with a vehicle driven by Andrew Gene Mangham and owned by a Cecil Johnson, both of whom were "uninsured motorists." Plaintiff then made a claim for recovery upon Reserve Insurance Company, which claim was denied, and thereafter in *Barnes v. Mangham,* 153 Ga. App. 540 (265 SE2d 867), in which she brought suit against Mangham (uninsured motorist) and her insurer, to which reference is here made for a statement of the facts, this court affirmed a summary judgment in favor of the defendant insurer granted by the trial court in that case.

On or about February 28, 1980, the defendants filed their motion for summary judgment, together with affidavits in support thereof, in the case sub judice, and the plaintiff thereafter filed her affidavit in opposition to same. After a hearing, defendants' motion for summary judgment was granted, and plaintiff's action was dismissed. Plaintiff appeals. *Held:*

It is quite clear in the case sub judice that the trial court in granting the motion for summary judgment based same upon that of *Barnes v. Mangham,* 153 Ga. App. 540, supra, as it was cited by the trial court, which decision was based upon *Georgia Mutual Insurance Company v. Meadors,* 138 Ga. App. 486, 487 (226 SE2d 318); and *Parris & Son v. Campbell,* 128 Ga. App. 165, 173 (196 SE2d 334). Plaintiff contends here that her case against the insured's agents

should not be controlled by the ruling in the *Barnes v. Mangham* case. However, examination of *Georgia Mutual Insurance Company v. Meadors,* 138 Ga. App. 486, 487, supra, shows it also involved the insurance agent in its dual capacity representing the insurer and the insured in requesting and obtaining insurance. That case held, "the evidence demands a finding that the plaintiff failed to comply with his legal duty to examine his contract, observe what coverage it provided to him, and, if the coverage was not correct, either reject the policy as written when tendered or renegotiate his contract with the insurer," citing *Parris & Son v. Campbell,* 128 Ga. App. 165, 172 (13), supra, and *Wilson Marine Sales & Service v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220 (211 SE2d 145). There being no fraud or any other reason shown by law in the case sub judice for the plaintiff to fail to read the policy or depend entirely upon the defendant's agent we find no basis here from the facts alleged to deal with this case any differently from those of the cases cited above. As in those cases, the insured was not only free to examine the contract, she was under a duty to do so; and if she had done that she would have observed just what coverage her policy provided. Under the cases cited the trial court did not err in granting summary judgment in favor of the defendants and in dismissing the plaintiff's complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 21, 1981.

*Robert A. Elsner,* for appellant.
*John H. Hicks,* for appellees.