## 65956. BRASINGTON v. KING.

McMurray, Presiding Judge.

Plaintiff in his capacity as administrator of the estate of his deceased wife filed his complaint in this action. Named as defendants in this action were James and McClellan, partners in an insurance agency, and Brasington allegedly an agent of the James and McClellan Insurance Agency. Plaintiff's complaint alleges that defendant Brasington, as agent for the James and McClellan Insurance Agency, undertook to provide life and disability insurance policies required on plaintiff and his wife in connection with a loan from a local bank. When plaintiff's wife passed away plaintiff's inquiries resulted in the discovery that no insurance policy had been issued on his wife.

The complaint seeks damages in the sum of $400,000 for negligent failure to procure insurance after having been so instructed. Judgment was demanded against all three defendants in this sum. Prior to trial of the case the action was dismissed without prejudice as to defendants James and McClellan. On the trial of the case the jury returned a verdict in favor of the plaintiff and against defendant Brasington (the sole remaining defendant) for the amount of $200,000. The judgment followed the verdict. Defendant Brasington's motion for judgment notwithstanding the verdict, or in the alternative for a new trial, was filed and denied. Defendant Brasington appeals. *Held:*

1. The jury having returned a verdict for plaintiff and against defendant, the evidence presented at trial must be construed in the light most favorable to sustain the verdict. The evidence stated in this light is that: Plaintiff terminated his formal education at the age of 16 having completed the fourth or fifth grade. Plaintiff, who was 44 years of age at the time of trial, had worked as a gas station attendant, operated an automobile front-end business and also a skating rink. Since 1962, when plaintiff was injured in a motorcycle accident, his wife had been heavily involved in the operation of plaintiff's businesses. Apparently plaintiff and his wife were operating both the automobile front-end business and the skating rink at the time they applied for the loan in question in order to complete construction of a

bowling alley. Plaintiff and his wife applied for and obtained a five year $400,000 loan for the construction of the bowling alley. Among the conditions upon which the loan was contingent was that plaintiff and his wife obtain a life insurance policy upon themselves, and a disability life insurance policy upon plaintiff due to his physiological difficulties which dated back to his 1962 motorcycle accident. The requirement of life insurance policies on both of the principals of the loan was consistent with bank policy. Plaintiff and his wife were at the bank when an employee of the bank called defendant Brasington in connection with the need for certain insurance. Plaintiff and his wife then went to defendant Brasington's office to discuss with him their insurance needs. This meeting, which lasted an hour or two, was where the plaintiff told defendant Brasington that he had come to get insurance for a $400,000 life policy written on himself and his wife and a disability policy written on himself alone. At that meeting plaintiff signed an application for life and disability insurance while his wife signed no application. Plaintiff also signed an assignment of the policies to the bank. No assignment was executed by plaintiff's wife. The second meeting occurred with defendant Brasington at the automobile front-end shop operated by plaintiff and his wife and involved numerous questions to both plaintiff and his wife. There followed a third meeting at which plaintiff was told that everything was fixed up and all right. Arrangements were made whereby the insurance premiums were automatically paid by bank draft from plaintiff's account.

Plaintiff never received or saw any insurance policies until after his wife's death, although he was told by defendant Brasington that the policies had been given to the bank and they were being held at the bank. Although plaintiff first testified that he did not know that he could have gone to the bank to see the policies, when confronted with his contradictory deposition testimony, he admitted that he or someone on his behalf could have examined the policies at the bank, but he saw no reason to do so. Plaintiff was apparently under the impression that there would be a single joint life insurance policy written on him and his wife together. In fact, the policy issued provided coverage only for plaintiff.

We begin with the proposition that " '[w]hen a policy of insurance, duly delivered to the applicant, differs materially from the kind of policy for which he applied or intended to apply, it is his duty, if he does not desire to accept the policy issued to him, to return or offer to return same, within a reasonable time . . .' *Johnson v. White,* 120 Ga. 1010 (48 SE 426). '(I)f . . . the policy issued (was) essentially different from the one that the plaintiff desired, the remedy of the plaintiff would have been to reject, when tendered, the policy as

written. (citations omitted).' *Mitchiner v. Union Central Life Ins. Co.,* 185 Ga. 194, 197 (194 SE 530)." *Wilson Marine Sales & Service v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220, 223 (2) (211 SE2d 145). See also *Georgia Mutual Ins. Co. v. Meadors,* 138 Ga. App. 486, 487 (226 SE2d 318); *Barnes v. Mangham,* 153 Ga. App. 540 (265 SE2d 867); *Ethridge v. Associated Mutuals,* 160 Ga. App. 687, 689 (288 SE2d 58).

Exceptions to this general rule have been recognized in circumstances where the insurance agent or broker has undertaken to do more than issue a policy, such as where the broker or agent holds himself out as an expert in the field of insurance and undertakes to perform expert services on behalf of an insured. See in this regard *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801). This exception does not apply in the case sub judice. Considering the evidence in the light most favorable to plaintiff, defendant Brasington has only undertaken to obtain a policy in compliance with the requirements presented to him and has not undertaken to complete any analysis of plaintiff's insurance needs.

Plaintiff would avoid the impact of the general rule on the basis of his never having received a copy of the insurance policy in question. However, plaintiff's failure to receive a copy of the insurance policy is not alone sufficient to discharge him. The plaintiff "is chargeable with knowledge of its contents regardless of who had possession of it." *Brown v. Mack Trucks,* 111 Ga. App. 164, 166 (141 SE2d 208). The evidence presents no reason why plaintiff could not or need not have examined the policy issued. See *Ethridge v. Associated Mutuals,* 160 Ga. App. 687, 689-690, supra; *Barnes v. Mangham,* 153 Ga. App. 540, supra. The trial court erred in failing to grant defendant Brasington's motion for judgment notwithstanding the verdict.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 30, 1983 —
REHEARING DENIED JULY 22, 1983 —

*Terry A. Dillard, Edwin L. Hoffman, Frederick N. Gleaton,* for appellant.

*John B. Thigpen, Sr., M. Theodore Solomon II,* for appellee.