70978. WHATLEY v. UNIVERSAL SECURITY INSURANCE COMPANY.
(339 SE2d 398)

BENHAM, Judge.
Appellant, the victim of an automobile accident, filed suit against

the vehicle's owner and the unknown driver and sought to recover uninsured motorist benefits under appellant's own policy. Appellee, appellant's insurance company, was served with the complaint and filed a petition for a declaratory judgment, alleging it was not liable to appellant for payment of the benefits sought. The basis for appellee's denial of liability was that appellant had made a valid rejection of the uninsured motorist coverage in accordance with OCGA § 33-7-11 (a). After discovery, appellee moved for summary judgment on the coverage issue; the trial court granted the motion. Appellant here seeks reversal of the judgment, contending that there remained an issue of fact whether the insurance agent who took the application was acting on appellant's behalf and with appellant's authorization.

In support of his position, appellant cites *Allstate Ins. Co. v. O'Brien*, 172 Ga. App. 693 (324 SE2d 498) (1984), which precludes summary judgment when there is a dispute whether coverage was requested but not given. Appellee argues that the correct approach is set forth in *Barnes v. Mangham*, 153 Ga. App. 540 (265 SE2d 867) (1980), which held that an insured who is remiss in his duty to read his insurance policy once he receives it is bound by the coverage provided therein, regardless of whether or not the insurance agent was an agent of the insured or the insurer. The trial court based its ruling on *Barnes v. Levenstein*, 160 Ga. App. 115 (286 SE2d 345) (1981), a direct descendant of the earlier *Barnes* case.

Our review of the record leads us to conclude that the *Barnes* cases control the case before us. Appellant's application for insurance clearly shows that the uninsured motorist coverage option box was marked with an "x" in the "rejected" column, and appellant admitted on deposition that the signature appearing on the application was his. Furthermore, he was unable to state that the option boxes were blank before he signed the application and admitted that he would have signed the form without reading it. Although appellant contends that he told the insurance agent he wanted "full coverage," he admitted that the agent asked him the questions and appellant answered him, and the agent filled in the form based on his answers. Appellant also admitted that when he received his policy he did not read it, so he was not aware that the declarations page showed that he was not being charged premiums for uninsured motorist coverage. Given these facts, the *Barnes* cases, supra, are dispositive of the issue here presented. The *Allstate Ins. Co.* case on which appellant relies is distinguished here inasmuch as appellant could not state that he signed a form with blanks in the area in question, and there is no indication in the record that the insurance agent in question was an independent agent or acted in a capacity other than solely as agent for appellee insurance company.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 6, 1986.

*Timothy A. Siler*, for appellant.
*William T. Casey, Jr., D. Glenn Brock*, for appellee.