## 73236. LIFE INSURANCE COMPANY OF VIRGINIA
### v. CONLEY et al.
#### (351 SE2d 498)

BIRDSONG, Presiding Judge.

The appellees, George and Janet Conley, contend they were advised by an agent of Life Insurance Company of Virginia, that each of them could purchase a whole life insurance policy in the amount of $100,000 for an annual premium of "approximately" $480 on one policy and $425 on the other policy. Applications were signed and forwarded, and the two insurance policies were delivered on May 29, 1982. Unknown to the appellees, the premium amounts had been changed to $936 and $960. The Conleys testified the agent had advised them there would be some "minimal" administrative expenses.

After the policies had been in effect "a few months," an insurance agent from another company attempted to sell the Conleys additional life insurance. He examined their policies issued by appellant and pointed out the strike-through on the premium amounts and insertion of the larger premium. The Conleys visited appellant's office and discussed the matter with them but took no official action until June 3, 1983, more than one year after delivery of the policies, when they examined the "year end" report sent to them by appellants and determined the cash value of their policies was not as high as they thought it would be and the administrative expenses were fairly substantial, even though they terminated after the conclusion of the first year. Appellant declined to honor appellees' requests to cancel their policies and return all premiums, and this action followed. The complaint alleged the appellant's agent's representation was fraudulent and deceitful, demanded return of the premiums, pre-judgment interest from date of delivery of the policies, attorney fees, and punitive damages. The jury returned a verdict for the appellees and the trial court denied appellant's motion for judgment notwithstanding verdict. Judgment was entered on the verdict, and this appeal follows. *Held*:

Appellant enumerates as error the denial of its motion for judgment n.o.v. The appellees quoted the ruling of *Georgia Farm Bureau Mut. Ins. Co. v. Wall*, 242 Ga. 176 (249 SE2d 588), to the trial court. Thereafter the trial court stated: "Were it not for this decision I would grant the motion" of appellants for judgment n.o.v. However, *Wall*, supra, was an action for "reformation of contract" and was decided on equitable principles of mutual mistake. Id. at 178. Hence, *Wall* is inapplicable to this case which involves recission of contract and return of premiums. *Lui v. Occidental Life Ins. Co.*, 246 Ga. 752, 754 (272 SE2d 707).

Insurance is a matter of contract law and contract rules and interpretations will apply. *Parris & Son v. Campbell*, 128 Ga. App. 165,

168 (196 SE2d 334). A party to a contract who can read, must read or show a legal excuse for not doing so, and ordinarily if fraud is an excuse, it must be such fraud as would prevent the party from reading the contract. *Curtis v. First Nat. Bank*, 158 Ga. App. 379, 381 (280 SE2d 404). One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relationship or trust or confidence exists. *Hubert v. Beale Roofing*, 158 Ga. App. 145, 146 (279 SE2d 336). There is no fiduciary relationship existing between an insured and an insurer or the insurer's agent. *Stewart v. Boykin*, 165 Ga. App. 868, 871 (303 SE2d 50). "Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud." *Hubert*, supra at 146; accord *Lorick v. Na-Churs Plant Food Co.*, 150 Ga. App. 209, 210 (257 SE2d 332).

Hence, it is general law in this state that an insured has a legal duty to examine his contract of insurance, observe what coverage is provided, and if the coverage is not correct, to either reject the policy as written, when tendered, or renegotiate the contract with the insurer. *Barnes v. Levenstein*, 160 Ga. App. 115, 116 (286 SE2d 345); accord *Ethridge v. Assoc. Mutuals*, 160 Ga. App. 687, 689 (288 SE2d 58). Thus, when a policy of insurance, as delivered, differs materially from the kind of policy for which the insured applied or from that represented by the agent, "it is [the insured's] duty, if he does not desire to accept the policy issued to him, to return or offer to return the same, within a reasonable time. . . . *Johnson v. White*, 120 Ga. 1010 (48 SE 426). [I]f . . . the policy issued [was] essentially different from the one that the plaintiff desired, the remedy of the plaintiff would have been to reject, when tendered, the policy as written." *Wilson Marine v. Fireman's Fund Ins. Co.*, 133 Ga. App. 220, 223 (211 SE2d 145).

These contracts of insurance were delivered on May 29, 1982, along with a "Buyer's Manual." The front page of the policy advised the insured, in bold typeface, of a "20 Day Right to Examine Policy," with the attendant right to return the policy and receive a full refund of any premium paid. The "manual" defined what type of insurance it was and how it differed from other life insurance policies. It set forth the procedure to increase or decrease coverage; how to change the type of coverage; how to determine its cash value and surrender value; and explained the loan provisions, partial withdrawal provisions, right of cancellation, and utilization of the accumulated cash value; and in general gave answers to potential questions of an insured. Both Janet and George Conley testified that they glanced over portions of the insurance policy and read parts of the Manual, but did not read either one in its entirety.

The application signed by each of the appellees states in part: "No one except the President, the Secretary, or a Vice-President of the Company can make or change any contract of insurance. . . . In accepting any policy, issued on this application, I approve any corrections, amendments or additions made to the application." That section of the application reserved for "Home office corrections and amendments" showed that each application was amended to reflect a different premium. Each policy also contained a paragraph stating: "The policy and the application therefor (and any supplemental applications for additional Specified Amounts) constitute the entire contract. . . . Agents are authorized to receive and forward applications, but only the President or a Vice-President has power to make or modify this contract, and we are not bound by any promise or representation made unless made in writing by one of these officers." Reliance upon representations of an agent cannot be shown as a valid ground for rescission when the contract itself contains an express provision that no representation will be binding unless contained in the contract and approved by an officer of the company, and the plaintiff alleges no fraud which kept him from knowing the contents of the instrument. *Spires v. Relco, Inc.*, 165 Ga. App. 4, 6 (299 SE2d 58); accord *Levine v. Peachtree-Twin Towers Co.*, 161 Ga. App. 103, 104 (289 SE2d 306).

The evidence demands a finding that both insureds failed to read their contract of insurance upon delivery of the contracts. "The insured was not only free to examine the contract, he was under a duty to do so, and if he had done that he would have observed just what [was the cost of the] coverage it provided to him. If it was not what he wished to have he could have [cancelled it within 20 days and received a full return of premium], renegotiated his contract, or, if the company was unwilling to do that, he could have returned it as unacceptable and negotiated a contract with another company. . . . [I]f the [cost of the] policy issued [was] essentially different from the one that the plaintiff desired, the remedy of the plaintiff would have been to reject, when tendered, the policy as written. [Cits.] When a policy of insurance, duly delivered to the applicant differs materially from the kind of policy for which he applied or intended to apply, it is his duty, if he does not desire to accept the policy issued to him, to return or offer to return the same, within a reasonable time . . . and if the applicant neglects to examine the policy delivered to him the contract is binding and he must pay the premium." *Parris & Son*, supra at 173-174; accord *Mitchener v. Union Central Life Ins. Co.*, 185 Ga. 194 (194 SE 530); *Brasington v. King*, 167 Ga. App. 536, 537 (307 SE2d 16); *Barnes v. Levenstein*, supra; *Ethridge*, supra; *Barnes v. Mangham*, 153 Ga. App. 540 (265 SE2d 867); *Wilson Marine*, supra; *Virginia Mut. Ins. Co. v. Price*, 132 Ga. App. 445, 448 (208 SE2d 314).

"(W)hen the means of knowledge are at hand and equally available to both parties to a contract . . . if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller." *Lorick*, supra at 210. The appellees had ample opportunity to read and reject the contract tendered; and even after the amended premium was pointed out to them ("a few months" after receipt of the policies) and they talked to the local insurance agent, the policy was allowed to remain in effect, and only after one year had passed did the appellees write and demand recission and return of premiums.

Where a policy of insurance is issued in conformity with the application, and after the lapse of time for cancellation provided for in the policy, the insured shows, that as a result of mistake not amounting to fraud the policy did not contain the intended provisions, and where there is no evidence the premiums actually paid were the premiums which would have been charged for the intended policy and the insurance had been in effect up to the time the insured declares the policy rescinded, the insured is not entitled to a refund of premiums paid during the time the insurance was in effect. This is because in fact the insurer was exposed to the risk and the premium was earned. *Lui v. Occidental*, supra at 753.

The trial court erred in refusing to grant appellant's motion for judgment notwithstanding verdict.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 24, 1986 —
REHEARING DENIED DECEMBER 5, 1986 —

*Eugene A. Epting, Andrew H. Marshall*, for appellant.
*James E. Hudson*, for appellees.