## A90A1771. FREEMAN v. MID-SOUTH INSURANCE COMPANY.

(398 SE2d 727)

DEEN, Presiding Judge.

Phillip W. Freeman brought suit against his group insurance carrier, Mid-South Insurance Company, for failure to pay medical expenses which he incurred as a result of coronary bypass surgery on May 8, 1988. The insurance company moved for summary judgment, contending that Freeman's medical condition barred him from recovering benefits under the pre-existing clause of the policy. Freeman appeals from the grant of that motion. *Held*:

The evidence showed that in 1980 Freeman was diagnosed as suffering from arteriosclerotic heart disease and underwent coronary artery bypass surgery. Following the surgery, he was prescribed medication to control his blood pressure. In 1985 he received a different prescription from a Dr. Wilson to lower and maintain his blood pressure. The following year, Dr. Wilson prescribed Diltiazem for angina. Between August of 1986 and May of 1988, Freeman received a prescription from his family doctor for gout and continued to take his prescriptions for his heart condition. In May of 1988 he underwent a second coronary bypass operation and incurred $31,861.99 in medical expenses. Mid-South paid $3,000 of his claim, but denied payment of the balance in reliance upon the policy's $3,000 benefit cap for expenses incurred because of a pre-existing condition.

Freeman became a participant in his employer's group medical insurance plan on March 1, 1988. The policy was issued by Mid-South, and no health questions were asked of the participants. The policy, however, contained a pre-existing condition exclusion:

> J. Pre-existing limitation.
>
> 1. Definition — a pre-existing condition, for purposes of major medical expense or accident and sickness disability insurance is any type of injury or sickness or related condition for which, during the twelve (12) month period immediately preceding the effective date of such person's coverage under the policy;
>
> > a. Medical expenses were incurred, or
> > b. Medical treatment was advised by a physician (whether or not such treatment was given), or
> > c. Drugs or medications were prescribed by a physician (whether or not taken or used).

Appellant admits that he took the medications for his heart condition after they were prescribed and continued to take them until his second surgery. He claims, however, that he received no other written

prescriptions for his condition. In order to obtain refills of the existing prescriptions, he would simply call his local drugstore to obtain a refill, and never had to a obtain a prescription authorized by a physician. He argues that he is therefore outside the limitation imposed under subsection c. He further claims that subsection a is vague and must be construed against the insurer.

We must disagree with this contention. The definitions section at the beginning of the policy provides under Article 1.15 — OTHER MEDICAL SUPPLIES AND SERVICES:

(i) Drugs and medicines lawfully obtainable only upon the prescription of a physician . . .

Under Article 1.18 — COVERED EXPENSES:

"Covered expenses" means charges for the services and supplies and services listed below . . .

F. Other medical supplies and services as defined in Article 1.15.

Applying the rules of interpretation applicable to contracts as required under *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152 (351 SE2d 498) (1986), we do not find the limiting exclusion vague. Appellant's claim is barred by this provision if he incurred medical expenses related to, received medical treatment related to, or was prescribed medication related to his arteriosclerotic heart condition within 12 months of the effective date of the policy. By his own admission, Freeman has been treated by the use of various prescription drugs for this condition and he continues to take them on a daily basis. He therefore falls within the policy exclusion, as medical expenses are encompassed within the meaning of "medical services" as they are defined in the policy, and prescription drugs are a medical expense.

*Judgment affirmed. Pope and Beasley, JJ. concur.*

DECIDED OCTOBER 15, 1990 —
REHEARING DENIED OCTOBER 31, 1990 —

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, Philip P. Taylor*, for appellant.

*Troutman, Sanders, Lockerman & Ashmore, H. Carol Saul, Dan R. Gresham*, for appellee.