**Curtis and Margie SMALL, husband and wife, d/b/a Wind River Talent Productions, Appellants (Plaintiffs),**

**v.**

**Edward A. KING and Rocky Mountain Capital Agency, a Wyoming corporation, Appellees (Defendants).**

**No. 95–169.**

Supreme Court of Wyoming.

May 1, 1996.

John R. Hursh, Donald J. Rissler and Nyla A. Murphy of Central Wyoming Law Associates, P.C., Riverton, for Appellants.

Weston W. Reeves and Timothy W. Miller of Reeves & Murdock, Casper, for Appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Appellants contend that the district court erred when it refused to give a particular jury instruction and that the jury rejected their claims because the jury instructions were defective. After an adverse verdict, appellants filed a motion for a new trial. The district court denied that motion and this appeal followed.

We affirm.

## I. ISSUES

Appellants identify the following issues:

ISSUE I. The trial court erred in refusing jury instructions, tendered by the appellant[s] as their theory of the case, which relied upon the exceptions to the general rule "that a mere request for 'full coverage, the best coverage' or similar such expressions does not place an insurance agent under a duty to determine and provide the insured's requested insurance needs.["]

ISSUE II. Whether the court abused its discretion in failing to grant a new trial on grounds the jury misunderstood the instructions given.

Appellees state a single issue:

Whether the district court properly refused to give Plaintiffs' Instruction No. 20.

## II. FACTS

Curtis and Margie Small (the Smalls) promoted a Tanya Tucker concert in Riverton, Wyoming which was scheduled for July 5, 1991. The Smalls contacted Edward A. King (King) regarding insurance for the event. The Smalls insist they requested "full coverage" for the concert, but King denies they requested such coverage. King eventually procured a general liability policy for which the Smalls paid a $360.82 premium.

On the afternoon of July 5, 1991, a gust of wind blew a lighting rack onto the stage and the concert was canceled. The lighting rack fell on a set of drums and also caused bodily injury. The general liability policy excluded coverage for weather related damage and contained a "custody and control" exclusion which excluded coverage for damage to the drum set. The Smalls assert the insurance policy was intended to cover all financial consequences, damages, or losses resulting from an occurrence at the concert.

When the coverage they expected was not forthcoming, the Smalls filed suit. The jury rejected their claims. The Smalls filed a motion for a new trial, arguing that the jury was confused and misled by inadequate jury instructions. The district court denied the motion for a new trial, and the Smalls appeal that decision.

## III. DISCUSSION

### A. STANDARD OF REVIEW

The Smalls challenge the district court's decision not to instruct the jury as they

requested. A substantive error in a jury instruction will require reversal only if the error is prejudicial. *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 832 (Wyo. 1994).

## B. JURY INSTRUCTIONS

The Smalls argue that the jury instructions provided by the district court failed to articulate certain exceptions to the general rule that an insurance agent has limited obligations when an insured requests "full coverage." Generally, an insurance agent has no obligation to give advice regarding what type of insurance policy a client should purchase, even if the client requests "full coverage." *Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 377 S.E.2d 343, 351–52 (1988). The Smalls contend that at least three exceptions to this general rule apply to the agent's actions in this case and that the jury should have been instructed regarding those exceptions.

First, they argue that an agent is liable if he undertakes to advise the insured and renders negligent advice. *Id.* at 351. No jury instruction was required on this point because there is no evidence in the record that King agreed to advise the Smalls. Second, the Smalls contend that the jury should have been instructed that an insurance agent is liable for damages resulting when the agent undertakes to procure a policy, but then, through neglect, fails to do so. No jury instruction was required on this point for the reason the agent in this case procured a policy. Of course, an agent who undertakes to procure a specific type of coverage owes the insured a duty to exercise reasonable care and skill in procuring the correct coverage. *Id.* at 350. However, an agent's duty to provide correct coverage cannot be triggered by a client's request for "full coverage" because the request is not a specific inquiry about a specific type of coverage. *Id.*

The Smalls also argue that the jury should have been instructed that an agent is liable if he misrepresents the coverage provided by a policy or leads the insured to believe a policy is in effect when it is not. The Smalls contend that King misrepresen-

ted the coverage by assuring them they had "full coverage" when in fact they had only purchased a general liability policy. The Smalls' misrepresentation argument fails because Margie Small read the policy binder for the general liability policy and concluded it was not what she wanted. She did not, however, reject the policy or otherwise seek to renegotiate the contract. Margie Small's knowledge that the policy did not provide the coverage she wanted destroys the claim that King misrepresented that coverage to her.

When purchasing insurance, a person has a duty to read the policy. *Barnes v. Mangham*, 153 Ga.App. 540, 265 S.E.2d 867, 868 (1980) (*quoting Ga. Mut. Ins. Co. v. Meadors*, 138 Ga.App. 486, 487, 226 S.E.2d 318, 320 (1976)). If the policy is unacceptable, the person may either reject the policy or renegotiate the contract with the insurer. *Id.* (*quoting Parris & Son, Inc. v. Campbell*, 128 Ga.App. 165, 173, 196 S.E.2d 334, 340 (1973)). That person may not, however, maintain a claim for misrepresentation against the agent after the insured is aware the policy does not provide the coverage requested.

Finally, the Smalls argue that the district court abused its discretion when it refused to grant a new trial on the grounds that the jury was confused and misled by the jury instructions. This argument must fail because we have determined the jury instructions given by the district court were proper. The jury was neither misled nor confused by the jury instructions given and, therefore, the Smalls cannot establish the prejudicial error required to reverse. *Shrader*, 882 P.2d at 832.

## IV. CONCLUSION

The jury instructions were proper and the district court did not abuse its discretion in denying the motion for a new trial. Affirmed.