## 57593. LORICK v. NA-CHURS PLANT FOOD COMPANY.

DEEN, Chief Judge.

Suit on open account. Oscar Lorick brings this appeal from the trial court's grant of a directed verdict in favor of appellee on both the main suit and appellant's counterclaim.

1. Appellant contends that it was error for the trial court to refuse to admit the testimony of his son concerning overheard conversations between an agent of the appellee and his father. As appellant made no offer to show the substance of the conversation in the court below, there is nothing for this court to rule upon. *Savannah Elec. &c. Co. v. Holton,* 127 Ga. App. 447 (193 SE2d 866) (1972).

2. Appellant also asserts error in the trial court's grant of directed verdicts in favor of appellee. The standard for a directed verdict is set forth in Code Ann. § 81A-150 (a) and "[i]t is error to direct a verdict unless the evidence demands the particular verdict and fails to disclose any material issue for jury resolution." *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323, 326 (197 SE2d 126) (1973).

Appellant admits that the contracts in question were signed by him and that the one contract which was unsigned was covered by a delivery ticket signed by him. However, he contends that he was fraudulently induced to enter into the agreements with Na-Churs' agent and, as a result, that there was a failure of consideration and breach of warranty. The sole basis for appellant's fraud defense is that he is illiterate, that the agent was aware of this fact, and he believed that the sales agreement would reflect the agent's representations that Na-Churs' product was superior to the brand of fertilizer he was using in that it would produce more crops per acre, and if it did not outproduce the other brand, appellant would not have to pay for it. Lorick claims that after using Na-Churs' product his crop yield was substantially lower than when he used the other brand of fertilizer. It is well established that "[f]raud cannot consist of mere broken promises, unfulfilled predictions or erroneous conjectures

as to future events." *Cheney v. Barber,* 144 Ga. App. 720 (242 SE2d 358) (1978). Moreover, ". . . fraud cannot form the basis of an action or a defense thereto, in the absence of any trust or confidential relationship, if it appears that the person relying on the fraud as a basis for the action or in defense thereto had equal and ample opportunity to prevent the happening of the occurrence, and made it possible through a failure to exercise proper diligence. [Cit.]" *McClelland v. Westview Cemetery,* 148 Ga. App. 447 (251 SE2d 351) (1978). Here, the parties were dealing at arm's length and appellant could have checked out the salesman's claims before he purchased any of Na-Churs' product. " '[W]hen the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller.' [Cit.]" *Love v. Nixon,* 82 Ga. App. 445, 451 (61 SE2d 423) (1959). Thus, appellant's defense of fraud is not valid.

Appellant also asserts the defense that the fertilizer was defective and counterclaims for lost profits. The only proof that Lorick offered was that he believed that the fertilizer was no good because "it did not make the crops grow or survive or nothing," and testified as to the lower production rates for his corn, soybeans, and cotton as compared to the previous year. Although he testified as to the number of acres that he had under cultivation, he did not place a value upon his crops. Appellant's defense must fail because he has not shown that Na-Churs' product was the cause of his decreased production. There was no testimony that the crops were grown upon the same type of soil, the same kind of seed was used, that weather conditions were similar, etc. In other words, there was simply no evidence that Na-Churs' fertilizer was the cause of his crop failure. As to his claim for damages, appellant has not proved his damages, shown his loss of profits or that his alleged injury was caused by appellee's product. See *Kitchens v. Lowe,* 139 Ga. App. 526 (228 SE2d 923) (1976).

Accordingly, the trial court did not err in granting appellee's motions for a directed verdict.

*Judgment affirmed. McMurray, P. J., and Birdsong,*

*J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED
JUNE 5, 1979.

*Charles R. Desiderio, Robert J. Abrams,* for appellant.

*Lawson & Lawson, Hugh Lawson, Martin, Snow, Grant & Napier, John T. McGoldrick, Jr.,* for appellee.