## 61648. HUBERT v. BEALE ROOFING, INC.

DECIDED MARCH 20, 1981 —
REHEARING DENIED MARCH 30, 1981.

*Robert H. Owen,* for appellant.
*W. H. Duckworth, Jr.,* for appellee.

DEEN, Presiding Judge.

The appellant contends that since a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support which would entitle him to relief *(Cochran v. McCollum,* 233 Ga. 104, 210 SE2d 13 (1974)) and since the bond was ambiguous, this court, after drawing all inferences in favor of the pleader (*Bulloch County Hospital Authority v. Fowler,* 124 Ga. App. 242 (1-b) (183 SE2d 586) (1971)) should allow the claim to go to the jury. The only basis for this conclusion is the allegedly ambiguous language of the bond which refers first to materials "for constructing built up roof" and, in a subsequent paragraph, covenants to make "repairs of injury to said roof."

One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. *Salter v. Brown,* 56 Ga. App. 792 (193 SE 903) (1937); *Williams v. Dougherty County,* 101 Ga. App. 193 (113 SE2d 168) (1960). Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. *Lorick v. Na-Churs Plant Food Co.,* 150 Ga. App. 209 (257 SE2d 332) (1979); U. S. for Use, etc. v.

Northeast Const. Co. of W. Va., 298 FSupp. 1135.

The issue frequently turns on whether the pleader has opportunity equal to that of the opposite party to determine the true state of affairs. *Martin v. North Ga. Lumber Co.,* 72 Ga. App. 778 (35 SE2d 270) (1945). The plaintiff here had no contractual relation whatever with any of the defendants. The repairs were ordered, presumably in accordance with lease provisions, by the plaintiff's tenant, Winn-Dixie, and the bond to repair was made out to the plaintiff for the sole reason that he was the owner of the property being protected. The bond properly described the roof as a "built up roof" which was what the building had at the time of the lease. At no place does the bond state that a new roof is being installed. By the slightest exercise of diligence the plaintiff, had he wished, could either have examined the roof or at least made inquiries from his tenant or the roofing company as to what work had actually been done. That tenant, the only entity with whom he had a contractual relation, is not named as a party to the fraud. That he settled pending litigation with Winn-Dixie without any inquiries as to what repairs had been made is no fault of the supplier of roofing material, the roofing contractor, or its insurer.

The trial court properly dismissed the complaint on motion. *Judgment affirmed. Banke and Carley, JJ., concur.*