## 63697. WILLIAMS v. PARNELL.

SHULMAN, Presiding Judge.

After the death of their mother, appellant brought an action against his sister, the appellee, to cancel a deed from their mother to appellee. The petition recited that appellee was a resident of Florida and that the property involved was in the county in which suit was brought. Appellee was personally served in that county. The trial court granted appellee's motion for judgment on the pleadings, reciting that the court lacked jurisdiction over the person of appellee and that appellant lacked standing to bring the suit as an heir because there was a pending application for administration.

1. "To justify the grant of a judgment on the pleadings it is not sufficient that the complaint fails to state a claim on which relief can be granted, but the pleadings must affirmatively show that no claim in fact exists. [Cit.]" *Holzman v. National Bank of Ga.,* 144 Ga. App. 710 (1) (242 SE2d 299).

The complaint in this case recites that appellee-defendant is a resident of Florida and that there is recorded in the county in which the action was brought a deed in which the defendant is the grantee. The complaint further shows that the real property which is the subject of that deed and which is claimed by defendant is the subject of this action. To decide whether a pleading making those assertions shows affirmatively that there is no jurisdiction over the person of the defendant, we need only look to Code Ann. § 24-113.1. That section permits the exercise of personal jurisdiction over the person of a nonresident as to a cause of action arising from ownership of property in this state. The complaint in this case alleged just such a circumstance. The grant of judgment on the pleadings on the issue of lack of personal jurisdiction was error. Appellee's arguments concerning venue are inapposite to the issues of this case and do not merit discussion.

The other ground relied upon by the trial court in granting

judgment on the pleadings was equally erroneous. The pleadings in this case do not show that there is pending an application for permanent administration.

2. Since the order granting judgment against appellant mentions matters not raised by the pleadings, it might be assumed that the motion for judgment on the pleadings was converted to a motion for summary judgment by consideration of matters outside the pleadings. See Code Ann. § 81A-112 (c).

If that was the case, the judgment is nonetheless erroneous. A consideration of the record would show that appellee was personally served in the county in which the action was brought. The court thereby acquired jurisdiction over appellee's person. See Code Ann. § 3-206. As to the other ground, there is no support in the record whatsoever for the trial court's conclusion regarding the pendency of an application for permanent administration. Indeed, the only mention of such an application in the whole record is the order granting judgment to appellee. Since it appears from the notice of appeal and the certificate of the clerk of the trial court that the entire record was sent to this court, we must conclude that there was no support in the record for the grant of summary judgment. We also note in passing that the motion for judgment on the pleadings was filed on October 14, 1981; a hearing was set for October 19, 1981; and judgment was entered on October 19, 1981. The entry of summary judgment would have been procedurally incorrect under those circumstances since appellant was not given an appropriate time to respond to the motion. *Harkins v. Harkins,* 153 Ga. App. 104 (1) (264 SE2d 572). We conclude, therefore, that for all the reasons set out herein, the judgment of the trial court cannot stand.

*Judgment reversed. Quillian, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 15, 1982.

*Jon Gary Branan,* for appellant.

*Ronald W. Hallman, Don S. Cowart, William E. Callaway, Jr.,* for appellee.