## 67247. BRAGG et al. v. SIROCKMAN et al.

POPE, Judge.

Appellants Russell L. Bragg and his wife, Evelyn J. Bragg, brought a shareholder's derivative suit against appellees John S. Sirockman, Jr. (brother-in-law to Russell Bragg), Wayonda B. Sirockman, and Keith Sirockman, individually and as officers and directors of Sirockman Industries, Inc. Additionally, the Braggs sued in their personal capacities for alleged fraud in the sale of 1% of the outstanding shares of the corporation (at the time of the sale known as Evway Corporation) by Russell Bragg to John L. Sirockman, Jr. This appeal comes from the trial court's grant of summary judgment and/or motions to dismiss as to paragraph 7 (d) of Count V, as to Count VI, and as to Count VII, the counts of the complaint dealing with fraud.

1. Although the trial court's order (prepared by counsel for appellees) recites that the court granted appellees' motions to dismiss as to Counts VI and VII, it also recites that the court granted appellees' motion for summary judgment as to Count VI. The order is silent as to the matters of record actually considered by the trial court. A close view of the record, however, leads us to the inescapable conclusion that the trial court considered material outside the pleadings, thus converting all the motions to ones for summary judgment. See OGCA § 9-11-12 (c) (Code Ann. § 81A-112); *Williams v. Parnell,* 162 Ga. App. 573 (2) (292 SE2d 425) (1982). Thus, appellees' motion to dismiss the appeal as to Counts VI and VII is without merit and is hereby denied.

2. The arguments in the trial court and again in this appeal have centered on the issue of the applicable statute of limitation, and whether it was tolled by fraud at any point. In considering this matter our examination of the record leads us to a conclusion that pretermits determination of this issue. Regardless of whether the amendments to the complaint were timely filed, appellees are entitled to summary judgment on these points. " 'To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cit.]' " *Eckerd's Columbia, Inc. v. Moore,* 155 Ga. App. 4, 5 (270 SE2d 249) (1980). At the time of the alleged fraud, Bragg and Sirockman were equal shareholders in Evway Corporation. The business of the corporation was the operation of a McDonald's franchise. Both Sirockman and Bragg

were officers and directors of the corporation. The fraud alleged is that Sirockman approached Bragg and told him that McDonald's required a majority shareholder, and that Sirockman wished to acquire a 51% share of the corporation rather than continue the existing 50-50 relationship. It is Bragg's contention that there was no such McDonald's requirement, and that it was Sirockman's intention to take control of the corporation. In his deposition, Bragg testified that he knew "technically" and "theoretically" that sale of the five shares (1%) sought by Sirockman would give control of the company to Sirockman. Bragg testified that the price he received for the shares was fair, and that he made no inquiry of anyone connected with McDonald's regarding the alleged requirement, but instead simply relied on Sirockman's word. Bragg further testified, and counsel for Bragg reiterated in his brief, that Bragg does not contend that Sirockman made actual, affirmative misrepresentations.

"One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. [Cits.] Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. [Cits.]" *Hubert v. Beale Roofing, Inc.,* 158 Ga. App. 145, 146 (279 SE2d 336) (1981). "There is no presumption that a confidential or fiduciary relation exists between brothers-in-law solely from the fact they are so related. [Cits.]" *Johnson v. Sherrer,* 197 Ga. 392, 395 (29 SE2d 581) (1944). Bragg was on an equal basis with Sirockman in the corporation at the time the sale of the stock took place. This, coupled with the fact that Bragg was also an officer and director of the corporation, makes the present case inapposite to the cases relied upon by Bragg, *Quinn v. Forsyth,* 116 Ga. App. 611 (158 SE2d 686) (1967), and Childs v. RIC Group, Inc., 331 FSupp. 1078 (N.D. Ga. 1970), affd. 447 F2d 1407 (5th Cir. 1971). In those cases, the shareholder was not equal in stock held and was not also a director involved in the day-to-day operation of the corporation. In the instant case, Bragg simply failed to exercise due diligence; in such circumstances, he cannot claim fraud. Therefore, the trial court correctly granted summary judgment as to these fraud claims. Of course, we express no opinion as to the remaining allegations of the shareholder's derivative suit.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*Joseph C. Parker,* for appellants.

*Michael W. Rushing, Daryl R. Griswold, H. Bruce Jackson,* for appellees.