## 70733. GOODWIN v. BROWNING et al.
(336 SE2d 353)

BIRDSONG, Presiding Judge.

This is a suit by nine plaintiffs against Richard Goodwin for fraud in the sale of pre-need cemetery lots. The plaintiffs sued on the basis that Goodwin represented to them that the cemetery lots were in a perpetual care cemetery and had trust funds set aside for that purpose. A verdict was returned in plaintiffs' favor.

We reverse. There is no evidence which shows that appellant made the representations that the lots were in a perpetual care cemetery and had trust funds set aside for that purpose, or that if such statements were made that appellant knew at the time the statements

were made they were false, or that appellant made the statements with the intention and purpose of deceiving the plaintiffs (appellees), that the appellees relied upon the representations or that the appellees sustained the alleged loss and damage as the proximate result of their having been made. See *Eckerd's Columbia v. Moore*, 155 Ga. App. 4 (270 SE2d 249) and *Bragg v. Sirockman*, 169 Ga. App. 643 (314 SE2d 478).

Furthermore, in the absence of special circumstances, one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. *Hubert v. Beale Roofing*, 158 Ga. App. 145, 146 (279 SE2d 336). There was no confidential relationship between appellant and appellees which would preclude the exercise of ordinary diligence on the part of the appellees.

*Judgment reversed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 16, 1985.

*John P. Rivers*, for appellant.
*John T. McKnight, Jr.*, for appellees.