72794. UNITED FEDERAL SAVINGS & LOAN ASSOCIATION
v. EUBANK et al.
(349 SE2d 268)

McMURRAY, Presiding Judge.

This action arises from a dispute involving the terms of a mortgage contract. Plaintiffs, the Eubanks, are the mortgagors and defendant United Federal Savings and Loan Association, the original mortgagee, is a full-service financial institution, offering various services including mortgage lending. Third-party defendant Norwest Mortgage, Inc. is the assignee of the mortgage on plaintiff's property.

In January 1984 defendant's employees made a presentation at a realty company meeting explaining the availability and terms of cer-

tain mortgage loans offered by defendant. Defendant's employees represented that the loans were assumable without escalation of interest rates. Although this representation was not correct, the uncontroverted evidence shows that at the time the statements were made defendant's agents were not aware that they were false and were relying upon information supplied by the third-party defendant.

The plaintiffs allege that the statements of defendant's agents induced them to refinance their home through defendant and that they were damaged when a subsequent prospective sale of the home fell through. Plaintiffs alleged that the prospective sale did not occur after the prospective purchaser and plaintiffs were informed by agents of defendant that the loan was not assumable at the original interest rate. Defendant and third-party defendant each moved for summary judgment. These motions for summary judgment were denied and upon application of defendant United Federal Savings and Loan Association permission for interlocutory appeal was granted in order that we might review the denial of this defendant's motion for summary judgment. *Held*:

Insofar as plaintiff's complaint states a fraud claim we note that, "in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. *Lorick v. Na-Churs Plant Food Co.,* 150 Ga. App. 209 (257 SE2d 332) (1979); *U. S. for Use, etc. v. Northeast Const. Co. of W. Va.,* 298 FSupp. 1135." *Hubert v. Beale Roofing,* 158 Ga. App. 145, 146 (279 SE2d 336). There was no confidential relationship between defendant and plaintiffs which would preclude the exercise of ordinary diligence on the part of plaintiffs. See also *Goodwin v. Browning,* 176 Ga. App. 442 (336 SE2d 353).

Insofar as plaintiffs' complaint states a contracts claim we note that the parol evidence rule precludes any attempt on plaintiffs' part to vary the terms of the written agreement. *Bentley v. Nat. Bank of Walton County,* 175 Ga. App. 732 (1) (334 SE2d 331). Citing *Baker v. Jellibeans, Inc.,* 252 Ga. 458 (314 SE2d 874), for the proposition that closing statements required under federal truth in lending laws qualify as contemporaneous writings admissible to explain the terms of the contract of the parties, plaintiffs contend that the closing statements furnished by defendant "set forth that the interest would be the same on an assumption as for the original borrower." Apparently, plaintiffs suggest that the closing statements prevail over any contradictory language in the deed to secure debt or at least create an ambiguity as to the terms of the contract. Pretermitting any opinion as to the plaintiffs' interpretation of *Baker v. Jellibeans, Inc.,* supra, we note that the factual predicate of plaintiffs' argument is incorrect. The closing documents in question contain the statement: "Someone

buying your house (may, subject to conditions, be allowed to) assume the remainder of the mortgage on the original terms." This conditional language serves only to direct attention to the terms and conditions of the deed to secure debt and contrary to plaintiffs' suggestion, do not contradict the provisions of the deed to secure debt. The trial court erred in failing to grant defendant's motion for summary judgment.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 23, 1986.

*George M. Hubbard III,* for appellant.
*James Edward McAleer, Jr., Sam P. Inglesby, Jr.,* for appellees.