77331. WRIGHT v. PORTMAN et al.
(373 SE2d 844)

DEEN, Presiding Judge.

The appellant, Ronald Wright, worked for John Portman & Associates (or a predecessor architectural firm) from 1964 until his discharge on October 11, 1982. At the time of his discharge, he sold his interest in the Group "P" Investors, a general partnership that owned a portion of the Peachtree Hotel Company, which owned the Peachtree Plaza Hotel. Wright commenced this action against the general partnership, as well as John Portman (who purchased Wright's interest), Stanley Steinberg, and John Street, who were individual partners, seeking damages on the theory that he had agreed to the sale only because of fraud and duress. The trial court directed a verdict for the defendants, and Wright appeals.

Because Wright's work performance had deteriorated to an unacceptable level due to his alcoholism, Steinberg and Street, who were responsible for the day-to-day operation of John Portman & Associates, decided that Wright's employment had to be terminated; they did so on October 11, 1982, upon Wright's return from another voluntary hospitalization for treatment. Concerned that Wright would have no means of support, Steinberg and Street informed Wright that Portman had agreed to purchase Wright's partnership interest for $20,000, an interest for which Wright initially paid $476.20 and an interest that, having heretofore produced only tax losses, would be useful to Wright only as a tax shelter to current income. No definite representations were made concerning the value of the interest. Steinberg and Street encouraged Wright to consult with an attorney before deciding to sell, but Wright decided on the spot to accept the offer. Pursuant to the agreement, Wright received $4,000 immediately, and thereafter monthly payments of $2,000 for the following 8 months; later on (after he commenced this action), he also received an additional $11,027 to cover his tax liability for the sale of the partnership interest.

In this action, Wright claimed fraud and duress in that Portman, Steinberg, and Street, well aware of his mental and physical frailty resulting from his battle with alcoholism, took advantage of that frailty to bilk him out of a partnership interest far more valuable than the consideration actually received. (At the trial, Wright's expert witness testified that the interest had a value ranging from $149,158 to $342,837; however, he acknowledged that this valuation was of December 31, 1983, not October 1982, and that the interest actually would have a negative value, taking into account other information not considered in his original valuation.) Following the commencement of this action, Portman offered to rescind the sale, but Wright declined the offer, lacking the funds to rescind. *Held*:

1. " 'Duress is considered as a species of fraud in which compulsion in some form takes the place of deception in accomplishing an injury, and, like fraud, constitutes a meritorious ground to set aside a contract executed as a result thereof.' [Cit.] 'Duress which will avoid a contract must consist of threats of bodily or other harm, or other means amounting to coercion, or tending to coerce the will of another, and actually inducing him to do an act contrary to his *free will*.' [Cit.] 'The threats must be sufficient to overcome the mind and will of a person of ordinary firmness.' [Cit.]" *Tidwell v. Critz*, 248 Ga. 201, 203 (282 SE2d 104) (1981). (Emphasis supplied.)

In this instance, Wright is wrong in claiming that his physical and mental unhealth, combined with the impending financial distress due to his loss of employment, raised a factual issue of actionable duress. There simply was no evidence of any threats or acts amounting to coercion by the appellees that induced Wright to sell his partnership interest contrary to his own free will to make a choice and to be responsible for the choice made. The evidence demanded a finding that no actionable duress was shown, and the trial court properly directed a verdict for the appellees.

2. Likewise, the trial court correctly directed a verdict for the appellees with regard to any claim for fraud. Wright testified that at the time of the offer to purchase his partnership interest, he was given the impression that the amount offered was a very fair deal. Assuming that this impression constituted a representation of fact, there was no confidential relationship between Wright and the appellees that excused Wright from the exercise of common prudence and diligence before relying upon the representation. As Wright did nothing to determine the fairness of the terms of the sale, despite the encouragement to consult with an attorney, no actionable misrepresentation was shown, thus defeating any fraud claim. *United Fed. Savings &c. Assn. v. Eubank*, 180 Ga. App. 402 (349 SE2d 268) (1986).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988.

*Johnny B. Mostiler*, for appellant.
*C. B. Rogers, Tony G. Powers*, for appellees.