In re Robert Morris TROMBLEY, SSN: 095–36–3934, Dianne Elaine Trombley, SSN: 014–40–6441, Debtors.

**CHRYSLER FIRST FINANCIAL SERVICES CORPORATION OF GEORGIA, Movant,**

v.

**Robert Morris TROMBLEY and Dianne Elaine Trombley, Debtors; and Charles A. Gower, Trustee, Respondents.**

**Bankruptcy No. 88–40937–COL.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Feb. 15, 1989.

Robert K. Imperial, Sprouse, Tucker & Ford, P.C., Columbus, Ga., Mark C. Walker, Davis & Neel, Atlanta, Ga., for movant.

Brace W. Luquire, Columbus, Ga., for debtors.

Charles A. Gower, Columbus, Ga., trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 7th, 1988, Respondents Robert Trombley and Dianne Trombley (hereinafter "Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Chrysler First Financial Service Corporation of Georgia (hereinafter "Movant") filed its Motion for Relief from the Automatic Stay with this court on December 19, 1988. On December 21, 1988, the motion came on for hearing at which time this court scheduled a final hearing for January 18, 1989. Prior to the January 18, 1989, hearing, both parties agreed to submit letter briefs to this court on the issues of:

1. Whether the security deed executed between the Debtors and Kayak Manufacturing Corporation on May 24, 1986, and subsequently assigned to Movant on January 4, 1988, is invalid because it was improperly attested.

1. 15 U.S.C.A. § 1601 et seq. (West 1979).

2. The promissory note did not indicate a security interest in the Debtors' real property. But the

2. Whether Kayak's failure to disclose the security interest of the Debtors' real property on the promissory note is a material nondisclosure under the Truth in Lending Act (TILA).[1]

Movant's brief was submitted to the court on January 17, 1989. No response was filed by the Debtors. This court, having considered the evidence presented and the letter brief of Movant, now renders this Memorandum Opinion.

The Debtors contracted with Kayak Manufacturing Corporation for an above the ground pool and patio deck in May, 1986. A promissory note and a Deed to Secure Debt were executed between the Debtors and Kayak Manufacturing Corporation on May 24, 1986.[2] By virtue of the Deed to Secure Debt, Kayak was granted a second priority security interest in the Debtors' real property located at 26 Artillery Drive, Columbus, Muscogee County, Georgia. The deed was filed on December 8, 1986, and recorded on December 9, 1986, in the Clerk's office of the Superior Court of Muscogee County, Georgia. Kayak Manufacturing Corporation then transferred its rights in said deed to Second Federal Funding Corporation. Second Federal Funding Corporation subsequently assigned said deed to Movant on January 4, 1988. Movant's assignment was properly filed and recorded in the Clerk's office of the Superior Court of Muscogee County, Georgia, on January 22 and 25, 1988.

Movant presented evidence to this court that the debt owed to Movant by the Debtors was $6,066.62. The current arrearages were $706.94. Mr. Trombley, co-Debtor, testified that he intended to surrender the pool and patio deck and did not intend to reaffirm the debt.

The Debtors' argument is summarized as follows:

1. Debtors contend they did not give Kayak Manufacturing Corporation a security interest in their house.

Deed to Secure Debt described the security interest in the Debtors' real property and referred to the promissory note.

2. Debtors contend that the security deed is invalid because it was improperly attested.

3. Debtors contend that Kayak's failure to disclose a security interest of the Debtors' real property in the promissory note is a violation of the Truth in Lending Act.[3]

Mr. Trombley, co-Debtor, testified that he did not recall signing the Deed to Secure Debt on his house. Mr. Trombley further testified that he had refused to give Kayak Manufacturing Corporation a security interest in his house and only gave a security interest in the pool and deck. The Debtor admitted that his signature was present on the Deed to Secure Debt as well as the promissory note.

Georgia law is well settled on the obligation of an individual to read a written contract before signing. In *Craft v. Drake*, 244 Ga. 406, 260 S.E.2d 475 (1979), the Georgia Supreme Court stated: "One having the capacity and opportunity to read a written contract cannot afterwards set up fraud in the procurement of his signature to the instrument." *Id.* at 408, 260 S.E.2d at 477 (citing *B.E. Robuck, Inc. v. Walker*, 212 Ga. 621, 94 S.E.2d 696 (1956); *Lewis v. Foy*, 189 Ga. 596, 6 S.E.2d 788 (1940)). Similarly in *United Federal Savings & Loan Association v. Eubank*, 180 Ga.App. 402, 349 S.E.2d 268 (1986), the court noted: "[I]n the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations ..." *Id.* at 403, 349 S.E.2d at 269 (quoting *Lorick v. Na–Churs Plant Food Co.*, 150 Ga.App. 209, 257 S.E.2d 332 (1979)).

■ There was no confidential or fiduciary relationship between the Debtors and Kayak Manufacturing Corporation which would have precluded the exercise of ordinary diligence on the part of the Debtors in making independent verification of the contractual terms and representations. Therefore, this court finds the Debtors are bound by their signatures on the promissory note and the Deed to Secure Debt.

■ The Debtors' next contention is that the security deed executed between Kayak Manufacturing Corporation and then subsequently assigned to Movant is invalid because it was improperly attested. Mr. Trombley, co-Debtor, testified that the notary public was not present when they signed the security deed. However, even if the above contention of the Debtors is true, under Georgia law, a security deed is valid between the parties even if it is improperly attested or completely unattested. *Central Bank & Trust Co. v. Creede*, 103 Ga.App. 203, 118 S.E.2d 844 (1961). *See also Matter of Updike*, 93 B.R. 795 (Bankr. M.D.Ga.1988).

■ As to the Debtors' final contention about Kayak's failure to disclose the security interest in Debtors' real property in the promissory note, this court does not find the violation of the TILA disclosure statement was material, as the promissory note and Deed to Secure Debt were executed as part of a continuing, simultaneous, and single transaction. In *In re Smith*, 737 F.2d 1549 (11th Cir.1984), the TILA disclosure statement identified the security interest in the Debtors' residence, but failed to reveal that the Debtors' residence secured future advances. The Deed to Secure Debt indicated that the Debtors' residence secured a present and a future indebtedness. The court in *Smith* affirmed the District Court's decision in that "the violation was not material, because the simultaneously executed security deed contained the omitted future advance clause." *Id.* at 1554.

The Eleventh Circuit in *Smith* noted the opinion of *Jones v. Fitch*, 665 F.2d 586 (5th Cir.1982) where the disclosure statement did not contain a description of the real property that secured the debt, but the real property was fully described in a simultaneously executed deed. The court in *Jones* found that the failure to describe the property in the disclosure statement was not "a material nondisclosure ... in light of the simultaneous execution of the deed of trust and the reference to the deed of trust in the disclosure statement." *Jones*, 665 F.2d

**3.** See supra note 1.

at 590. In the instant case, the Deed to Secure Debt incorporates by reference the promissory note and indicates a security interest in the Debtors' real property.

Accordingly this court grants Movant relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code.[4]

4. 11 U.S.C.A. § 362(d)(1) (West 1979 & Supp. 1988).

An order will be entered in accordance with this Memorandum Opinion.