## A89A0051. LAW v. LOWE et al.
### (382 SE2d 118)

McMurray, Presiding Judge.

Plaintiff James A. Law brought suit against R. Wayne Lowe, Betty J. Lowe and Ronald L. Smith "in their capacity as Members of the Heritage Hills Architectural Control Committee." It was alleged that plaintiff owns a lot in the Heritage Hills Subdivision in Houston County, Georgia; that certain protective covenants running with the land cover the lots of the subdivision; that the covenants provide that the Architectural Control Committee must approve or disapprove the plans and specifications for all buildings erected on any lot in the subdivision; that the Architectural Control Committee negligently approved the erection of "a non-conforming, inferior-quality building" on a lot in the subdivision; and that as a direct and proximate result of the Architectural Control Committee's negligence, plaintiff suffered damage "due to the devaluation and diminution of [his] property value."

Defendants answered the complaint and denied any liability whatsoever. Additionally, they set forth a failure to state a claim (OCGA § 9-11-12 (b) (6)) defense.

Following discovery, defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The superior court considered the complaint, aliunde matters (including the protective covenants themselves) and the arguments of counsel and it granted defendants' motions to dismiss. Plaintiff appealed. *Held*:

1. The motion to dismiss the appeal is denied.

2. In ruling against plaintiff, the superior court relied upon matters dehors the pleadings. Accordingly, the motions to dismiss were converted to motions for summary judgment. *Bragg v. Sirockman*, 169 Ga. App. 643 (1) (314 SE2d 478); OCGA § 9-11-12 (b).

3. In pertinent part, the protective covenant provides: "Enforcement shall be by proceedings in equity to restrain or enjoin any person or persons violating or attempting to violate any covenant. Enforcement shall not be in the form of an action at law for damages." Thus, by its own terms the protective covenant prescribes the relief available to plaintiff — it is equitable, injunctive relief. (In fact, plaintiff previously brought an equitable action against defendants. In that action, the superior court reviewed the building plans in question and concluded that they met the requirements of the restrictive covenants.)

Since the protective covenant prescribes an equitable remedy exclusively, plaintiff's action at law cannot stand. Why? Because plaintiff cannot simultaneously seek the benefits and reject the unambiguous burdens of the protective covenant. If plaintiff wants to enforce the protective covenant, he must do so according to its clear terms.

See *Atlanta, Knoxville &c. R. Co. v. McKinney*, 124 Ga. 929 (2) (53 SE 701); *A-Larms, Inc. v. Alarms &c. Mfg. Co.*, 165 Ga. App. 382, 385 (2), 386 (300 SE2d 311). See also Anno., Contractual Remedy — Exclusiveness, 84 ALR2d 322 (1962).

Plaintiff contends that he is not bound by the enforcement term of the protective covenant. In this regard, he contends his action stems not from the protective covenant but from the negligence of the Architectural Control Committee. We disagree. Any duty which the Architectural Control Committee owes to plaintiff stems not from thin air but from the provisions of the protective covenant. Thus, plaintiff's negligence action can only be viewed as an attempt to enforce the protective covenant (albeit retroactively); and the language of the covenant itself bars the bringing of such an action. See generally *Key Capital v. Avery*, 259 Ga. 133 (376 SE2d 886).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 12, 1989 —
REHEARING DENIED MAY 4, 1989 — ▮▮▮▮▮▮▮▮

*Theron M. Moore*, for appellant.
*Martin, Snow, Grant & Napier, Walter E. King III*, for appellees.