## A89A1780. THOMPSON et al. v. PATE et al.
### (388 SE2d 30)

SOGNIER, Judge.

Arthur and Linda Thompson brought suit in several counts against Interstate Fire Insurance Company and its agent, Eugene Pate, seeking to recover the proceeds of a fire insurance policy on their residence, as well as punitive damages for alleged fraud. The trial court granted Pate and Interstate's motion for summary judgment, and the Thompsons appeal.

The record reveals that on July 23, 1987, appellants completed an application for fire insurance with Interstate covering appellants' residence. Appellants aver that Pate represented to appellant Arthur Thompson that the residence would be covered immediately. Pate denies having made this representation, and avers he merely took the completed application, without collecting a premium, and forwarded it to Interstate the next day for processing in the usual manner. Both Pate and Interstate aver in affidavits that Pate was the agent of Interstate, but was not authorized to bind the company. Appellants' home burned on August 22, 1987. The application was processed and approved in the usual manner, and a policy was issued with an effective date of September 1, 1987. Interstate denied the claim made by appellants.

Appellants contend the trial court erred by granting summary judgment in favor of appellees because genuine issues of material fact exist concerning whether a misrepresentation was made by Pate and whether Pate was negligent. We agree with appellants that an issue of fact exists as to whether Pate misrepresented to them that they would be covered immediately. However, we cannot agree that this issue is material.

(a) As to appellants' contract claim, Interstate's averment that Pate was without authority to bind it is uncontroverted. Moreover, "[t]he general rule is that an application for insurance . . . creates no binding contract of insurance until the insurer manifests its acceptance. [Cits.]" *Atkinson v. American &c. Ins. Co.*, 165 Ga. App. 102, 103 (1) (299 SE2d 600) (1983). In the case sub judice, the policy itself, as well as appellees' unrebutted affidavits, establishes conclusively that Interstate's acceptance of the obligation of insuring appellants' residence was made subject to the condition that coverage begin on September 1, 1987. Accordingly, we agree with the trial court that no contract of insurance existed on the date of appellants' loss. See id. at 103-104 (1).

(b) As to appellants' tort claim, "[a]bsent actionable fraud and deceit, . . . it appears settled that there is no liability in *tort* for failure of the defendant insurance agent or broker to procure or have renewed a policy of insurance where the defendant is the *insurance*

*company's* agent and not the plaintiff's agent. [Cits.]" *Sutker v. Penn. Ins. Co.*, 115 Ga. App. 648, 653 (155 SE2d 694) (1967). It is clear in this case, and admitted by appellants, that Pate was Interstate's agent, and thus, unless actual fraud has been shown, appellants' tort claim must also fail. See id. at 653-654. *Beavers Ins. Agency v. Roland*, 135 Ga. App. 263 (217 SE2d 484) (1975), cited by appellants, is distinguishable on its facts, as it involved an insurance agent who was the agent of the insured.

(c) We find no actionable fraud and deceit here because, even assuming, arguendo, that Pate did tell appellants they would be covered immediately, any such representation was belied by Pate's statement that he had no authority to bind Interstate, which appellants freely admit he made; by the fact that the portion of the application containing a "binding receipt" was deliberately left blank; and by the language in the application stating that a policy "may be granted" by Interstate in response to the application, which should have alerted appellants to the fact that Interstate's approval was necessary, and that a policy might not be issued. Faced with all these indications that they were not immediately covered, we find that any reliance by appellants on Pate's alleged statement to the contrary was not reasonable. "Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence." (Citations and punctuation omitted.) *Godwin v. City of Bainbridge*, 172 Ga. App. 290, 292 (2) (322 SE2d 733) (1984).

Having found no fraud and deceit present, we hold that appellants may not assert a claim in tort for failure to procure immediate coverage, see *Sutker*, supra, and consequently the trial court correctly granted summary judgment in favor of appellees.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1989.

*Coleman, Kitchens, Wolfson & Smith, James R. Smith, Jr.*, for appellants.

*William A. Turner, Jr.*, for appellees.