A93A1427. HYDE v. ACCELERATION LIFE INSURANCE
COMPANY et al.
(438 SE2d 385)

McMURRAY, Presiding Judge.
Melvin E. Hyde filed an action against Acceleration Life Insurance Company ("Acceleration"), United Insurance Group, Inc. and Coordinated Benefits Plans, Inc. (defendants) based on the alleged fraud of defendants' insurance agent, Shelley Jefferson. Specifically, Hyde alleges that he lost health insurance when Jefferson duped him into prematurely cancelling an existing health insurance policy by promising Hyde that he would be covered under a replacement policy

issued by Acceleration. Defendants denied the material allegations of the complaint and filed motions for summary judgment.

Hyde and others were covered under a group health insurance policy administered by American Life Assurance Corporation ("American Life"). On March 5, 1990, Shelley Jefferson, an Acceleration sales agent, met with Hyde and other members of the American Life group in an attempt to persuade them to exchange their existing group policy for a group policy offered by Acceleration. Jefferson informed the American Life group that they would be covered under Acceleration's group policy regardless of their health.

Jefferson gave each member of the American Life group present at the March 5, 1990 meeting an application for health insurance through Acceleration. This application included a section entitled, "APPLICANT'S STATEMENT," which provides that "[n]o agent or other representative of the Company . . . has waived any conditions of this application[; that the] information provided on this application will be used by the Company in approving or not approving each person for whom Insurance Coverage is requested [and that] Insurance Coverage will not be provided for any person requiring a 'Yes' response to any of the first seven (7) numbered Health Questions."

Hyde entered a "yes" response to the first health question, affirming that he had undergone open heart surgery. Hyde then asked Jefferson whether he would be covered under the Acceleration policy due to his heart condition and Jefferson explained that the entire American Life group would be accepted by Acceleration because they were already a group. Jefferson advised the American Life group that they could terminate their existing health insurance coverage because the Acceleration policy would be effective April 1, 1990.[1]

Hyde and other members of the American Life group with preexisting health problems cancelled coverage with American Life, but were not accepted for coverage by Acceleration. Hyde later suffered a heart attack which required hospitalization.

This appeal followed an order granting defendants' motions for summary judgment. *Held*:

"Insurance is a matter of contract law and contract rules and interpretations will apply. *Parris & Son v. Campbell*, 128 Ga. App. 165, 168 (196 SE2d 334). A party to a contract who can read, must read or show a legal excuse for not doing so, and ordinarily if fraud is an excuse, it must be such fraud as would prevent the party from reading

---

[1] The insurance application required Shelley Jefferson to certify as follows: "I certify that I have asked all of the questions and have recorded the information accurately and have advised the Applicant not to terminate other insurance until the Company has notified the Applicant that this application has been accepted." This certification appears immediately below the applicant Hyde's signature.

the contract. *Curtis v. First Nat. Bank*, 158 Ga. App. 379, 381 (280 SE2d 404). One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relationship or trust or confidence exists. *Hubert v. Beale Roofing*, 158 Ga. App. 145, 146 (279 SE2d 336). There is no fiduciary relationship existing between an insured and an insurer or the insurer's agent. *Stewart v. Boykin*, 165 Ga. App. 868, 871 (303 SE2d 50). 'Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud.' *Hubert*, supra at 146; accord *Lorick v. Na-Churs Plant Food Co.*, 150 Ga. App. 209, 210 (257 SE2d 332)." *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152 (351 SE2d 498).

In the case sub judice, it is undisputed that Hyde read and understood the application for health insurance provided by Jefferson. Further, the application clearly informed Hyde that he would not be covered because of a pre-existing heart ailment, that Jefferson had no authority to waive any condition of the application and that Acceleration must approve any applicant before coverage will be extended. Finally, we are directed to no evidence that a confidential relationship existed between Hyde and Jefferson (as an agent for Acceleration) that would excuse Hyde from the requirement that he exercise ordinary diligence in his own behalf. Under these circumstances, we cannot say that Hyde was justified in ignoring the clear terms of Acceleration's application for insurance and relying on Jefferson's deceitful representations. " 'Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence.' (Citations and punctuation omitted.) *Godwin v. City of Bainbridge*, 172 Ga. App. 290, 292 (2) (322 SE2d 733) (1984)." *Thompson v. Pate*, 193 Ga. App. 418, 419 (388 SE2d 30). Genuine issues of material fact as to the controlling issue of imputed fraud simply do not exist in the case sub judice. See *Fowler v. Preferred Accident Ins. Co.*, 100 Ga. 330 (2) (28 SE 398). Consequently, the trial court did not err in granting defendants' motions for summary judgment.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 17, 1993 —
RECONSIDERATION DENIED NOVEMBER 30, 1993 —

*Summers & Jones, Ezra B. Jones III, Robert H. Stansfield, Deena S. Woodall*, for appellant.

*Mills & Moraitakis, Glenn E. Kushel, Bovis, Kyle & Burch, John*

V. *Burch, Robert B. Caput*, for appellees.