A94A1213, A94A1259. FOWLER et al. v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY et al.
(two cases).
(449 SE2d 157)

ANDREWS, Judge.

Robert and Kathy Fowler appeal the trial court's grant of summary judgment to Prudential Property & Casualty Insurance Company and its agent, Julian Harwell, in these two consolidated actions.

In March 1990, Prudential issued an automobile liability insurance policy to Robert Fowler with Kathy Fowler listed as an additional insured. In September 1990, the Fowlers received a premium statement bearing a due date of October 12, 1990 and the following statement: "Payment must be received by the due date. There is no grace period." The policy itself also provided that the premium must be paid by the due date and that "[f]ailure to pay by the date shown in any premium notice sent to you will result in termination." Later in September, the Fowlers, who were experiencing financial difficul-

ties, met with Harwell to discuss, inter alia, the last date on which they could pay their premium. The Fowlers contend that Harwell told them during this meeting that they had a grace period, which was usually 30 days, and that they would be covered through November 12. On October 16, Prudential sent the Fowlers a notice of intent to cancel coverage effective October 31, if the premium payment was not received by that date. When Prudential did not receive payment by October 31, it cancelled coverage for nonpayment of premiums. On November 4, the Fowlers mailed their payment to Prudential, which received it on November 8 and reinstated coverage as of that date. On November 7, Robert Fowler was involved in an automobile accident. Prudential subsequently denied his claim for benefits on the ground the policy was not in effect at the time of the accident. The Fowlers brought suit against Prudential and Harwell seeking to enforce the policy based on Harwell's alleged negligent misrepresentation that they had a grace period (Case No. A94A1213). They also named Prudential as the uninsured motorist carrier in a separate personal injury action arising out of the November 7 accident (Case No. A94A1259). The trial court granted summary judgment to Harwell in the first suit and to Prudential in both suits.

In two enumerations of error, the Fowlers argue the trial court erred in granting summary judgment to Prudential because Harwell, as an exclusive agent of Prudential, orally bound the policy through November 12. Specifically, they contend that Harwell's statement that they had a grace period through November 12 was an oral endorsement which bound the policy through that date. We disagree.

" '(O)ral statements by an agent of an insurance company generally cannot bind the insurance company. . . .' [Cit.]" *Clark v. Superior Ins. Co.*, 209 Ga. App. 290, 293 (3) (433 SE2d 394) (1993). Although the existence of a confidential or fiduciary relationship will give rise to an exception to the above rule, there is no fiduciary relationship between the insured and the insurer or the insurer's agent. *Hyde v. Acceleration Life Ins. Co.*, 211 Ga. App. 153, 155 (438 SE2d 385) (1993). Furthermore, "[t]he expression of an opinion as to coverage does not work an estoppel — even against the agent who voiced it, or against his principal." (Citations and punctuation omitted.) *Thomas v. Union Fidelity Life Ins. Co.*, 168 Ga. App. 267, 269 (3) (308 SE2d 609) (1983).

Moreover, in view of the specific terms of the policy and the lack of any evidence that Harwell had authority to orally bind the policy past the premium due date, we cannot say the Fowlers were justified in relying on Harwell's alleged misrepresentation. See *Hyde*, supra at 155; see also *Thompson v. Pate*, 193 Ga. App. 418 (c) (388 SE2d 30) (1989). The Fowlers are chargeable with knowledge of the contents of their policy. *Parris v. Pledger Ins. Agency*, 180 Ga. App. 437, 439 (2)

(348 SE2d 924) (1986). Here, the policy specifically provided that the premium must be paid by the due date and that coverage terminated if payment was not received by that date. The premium statement itself repeated this language and specifically stated that there was no grace period. Moreover, the policy further provided that changes could only be made by endorsement issued by Prudential or its subsidiaries and there is no evidence that Prudential issued any such endorsement. *Hutsell v. U. S. Life Title Ins. Co.*, 157 Ga. App. 845 (278 SE2d 730) (1981), relied upon by the Fowlers for the proposition that Harwell had authority to extend the premium due date by oral endorsement, is distinguishable. In that case, we found a question of fact existed as to coverage since the insurer's agent was specifically authorized by the policy to make written endorsements to it and the agent had written a letter to the insureds which arguably enlarged coverage under the policy. Accordingly, we conclude the trial court did not err in granting summary judgment to Prudential in Case No. A94A1213.

Because the Fowlers' policy was not in effect at the time of the accident in question, they were not entitled to no-fault benefits under the policy and the trial court properly granted summary judgment to Prudential as their purported UM carrier in Case No. A94A1259.

*Judgments affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 5, 1994.

*Manely & Silvo, Michael E. Manely, Lorraine R. Silvo,* for appellants.

*Dennis, Corry, Porter & Gray, R. Clay Porter, Virginia M. Greer, Crim & Bassler, Nikolai Makarenko, Jr., W. Clint Rhodes,* for appellees.